ARNOLD DIERMEYER, Respondent, *vs.* FRED. W. HACKMAN, Appellant.

1. *Estoppel—Creditors—Partnership—Debt of one partner—Deeds of composi-tions.*—A co-partnership conveyed all their assets to trustees for the benefit of their creditors, in pursuance of a resolution adopted at a meeting of the credi-tors. At that meeting a creditor of one of the partners was present, and by consent of all, his debt was admitted as a partnership debt. *Held,* that the creditors were afterwards estopped to deny that that debt was a partnership debt.

2. *Deeds of composition—Releases—Validity—Creditors.*—Deeds of composition and releases, in the absence of fraud towards any creditors, are legitimate and should be upheld by the Courts.

*Appeal from St. Louis Circuit Court.*

*H. A. Clover,* for Appellant.

I. There was sufficient legal consideration for the execution of the agreement by the plaintiff.

II. The indorser of a promissory note is discharged from any liability thereon by any valid agreement between the holder and the maker, whereby the holder accepts a composi-tion in discharge of the maker. All other parties to the note who have remedies over against the maker are discharged. (Edwards on Bills, 294; Story on Bills, Cap. XI, §§ 424, 425, 426; Bayley on Bills, 2 Am. Ed., 357.)

III. If the creditor, with knowledge that one of the makers of the note is a surety, agree with the principal to give day of payment, without the consent of the surety, the latter is thereby discharged. (Grafton Bank vs. Kent, 4 N. H., 221; Bank vs. Woodward, 5 N. H., 99; Webster vs. Atkinson, 4 N. H., 21; Rees vs. Barrington, 2 Ves. Jr., 540; 3 B. & P., 363; Chitty on Bills, 408, 412; 6 Jur. 889; 2 Keen, 638; 3 Y. & Coll., 187; 3 Madd. 221; 6 Dow. 233; 3 Merivale, 272; 18 Ves. 20; 11 Ves. 410; 6 Ves. 734; 2 Ves. Jr., 543; 2 Ves. Jr., 539; 2 Bro. C. C. 579. Barbour's Dig. Title. Principal and Surety; II Theobald, Principal and Surety, 117, 138. Cooper's Justinian 463 n; Am. Bk. vs. Baker, 4 Met. 164; See Note-2, to Rees. vs. Barrington, 2 Ves. 540; Story on Partnership § 168; Co. Litt. 232 a; Bac. Abr. "Release" (g); Rawley v.

Stoddard, 7 Johns. 207; Shep. Touch. 335; Co. Litt, W. 237.)

IV. Whenever a creditor has accepted a composition in discharge of the principal debtor the surety is thereby also discharged. (Ex parte Wilson, 11 Ves 411; Ex parte Smith, 3 Brown 1.)

V. The instructions given were inconsistent and contradictory.

*Hitchcock, Lubkee & Player*, for Respondent.

An accord to be effective and a bar, must be advantageous to the creditor, and he must have an actual benefit therefrom which he would not otherwise have had. (Bouv. Law Dict. Vol. I "Accord"; 2 Sto. on Cont. § 982.) The creditor must be legally entitled to such advantage. It must be something which he can make available or enforce. (Case vs. Barber, T. Raym.; 450.)

"An agreement in order to be an effectual plea in bar, must be executed and satisfied with a recompense in fact, or with an action or other remedy to execute it and recover a recompense." (Coit vs. Houston, 3 Johns. Cases, 249; Story on Contracts, Vol. II, § 982; 1 Com. Dig. "Accord.' B. 4; Cartwright vs. Cooke, 3 B. and Ad. 701; Bayley vs. Homan, 3 Bing. N. S., 915; Babcock vs. Hawkins, 23 Vt., 561.)

ADAMS, Judge, delivered the opinion of the court.

This action was founded on the following promissory note.

"St. Louis, Mo., May 7th, 1863.

Six months after notice we promise to pay to the order of Arnold Diermeyer, Eleven Hundred Dollars, for value received negotiable, and payable without defalcation or discount, with interest from date, at the rate of eight per cent. per annum.

F. W. Henschen & Co."

Indorsed, " F. W. Hackman".

The petition alleges that the note was indorsed by the. defendant Hackman, and being thus indorsed was delivered to plaintiff, and this suit is brought against the defendant as indorser and not as a joint maker; whether the indorse-

ment was made simply as a security, or as a guaranty, does not appear from the petition, nor is it material to the controversy here whether the defendant was a joint maker, a guarantee, or simply a security.

The defense set up is, that there was a release of the makers, which it is alleged operated as a release of the defendant, growing out of the following state of facts.

On the 15th day of November, 1869, the plaintiff was the holder of the note sued on, the makers thereof being Frederick W. Henschen and Frederick H. Krite, composing the firm of F. W. Henschen & Co. There was also another firm under the name and style of Henschen, Krite & Co., composed of the said Frederick W. Henschen, Frederick H. Krite, and Frederick Perschbacker.

On the 15th day of November, 1869, the said firm of Henschen, Krite & Co. being unable to pay their debts, their creditors had a meeting, in which the plaintiff participated, it being assumed on all hands, that his debt against two of the members of the firm should be counted as a debt of that firm and provided for accordingly. Thereupon all of said creditors including the plaintiff agreed upon and signed the following writing:

"Resolved, that we the creditors of Henschen, Krite, & Co. will give them a full release of all claims against them and due us, provided said firm will convey to trustees agreed upon, the will, contents and other effects of said firm, said trustees to execute a bond to said firm for the honest and faithful appliance of the assets to the payment *pro rata* of all debts, said trustees to have full power to settle all claims, and to sell or defer the selling of the real estate as they may deem expedient for the interest of the creditors."

Nov., 15th, 1869. "Resolved, that Vital Jarrot, Charles H. Teichman, and Thomas Triustanly, be the Trustees."

Afterwards and in pursuance of this agreement, the said firm of Henschen, Krite & Co., did execute and deliver to the said trustees a conveyance of the property and effects referred to, upon the terms of said agreement and on the trusts

therein stated; which conveyance was executed on the 17th of November, 1869, and there was attached to this conveyance a list of the creditors secured thereby, of whom the plaintiff was named as one for the note sued on; which deed of trust was duly recorded in the State of Illinois, where the property was situated, and the trustees accepted the trust and gave bond, and entered upon their duties and sold and converted the property into money, and declared a dividend and notified the plaintiff of his dividend being to his credit and ready to be paid over to him.

The plaintiff by replication set up, that he signed the alleged agreement, and became a party thereto and to the deed of trust, without knowing it contained a clause of release, &c.

On the trial of the case evidence was given tending to show that the plaintiff's name was signed as alleged by him, and evidence to the contrary. But no question is presented on this part of the case, and no further notice will be taken of it.

The case was submitted to the Court for trial, and after the evidence was closed, the Court at the instance of the plaintiff, and against the objections of the defendant, made the following declarations of law:—

"The Court declared the law to be, that if the co-partnership of Henschen, Krite & Co. were insolvent at the time of the execution of the agreement of release, dated November 15th, 1869, offered in evidence by defendant, then the signing by plaintiff of said agreement was without consideration and the agreement is not binding on him."

"The Court declares the law to be, that the agreement of release dated November 15th, 1869, and the deed executed in pursuance thereof, offered in evidence, constitute no defense to plaintiff's cause of action."

At the instance of the defendant the Court declared the law as follows:

"The Court declares the law to be, that if the plaintiff executed the agreement of release of November 15th, 1869

and consequently upon the execution of said agreement the parties Henschen, Krite & Co., the makers of the note sued on, executed the deed of the same date given in evidence, whereby the property therein mentioned was conveyed to trustees therein named to pay and discharge in full, if there be sufficient means for that purpose, the debt and liability arising upon the note sued on, among others, and that said trustees have executed the trusts of said deed, then the plaintiff cannot recover upon said note as against the defendant the indorser thereon."

The Court thereupon found for the plaintiff the amount of the note and interest, and gave judgment accordingly.

The defendant filed a motion for a new trial on the ground that the law as declared by the Court for plaintiff was erroneous, and inconsistent with the declaration given for defendant.

The Court overruled this motion, and defendant excepted, and appealed to the General Term, where the judgment at Special Term was affirmed, and the defendant has appealed to this Court.

There seems to be a manifest inconsistency in the declarations of law given for the plaintiff and defendant. The one given for the defendant misdescribes the note in referring to it as having been executed by Henschen, Krite & Co., as the makers thereof, whereas it had only been executed by two of the members of that firm. This no doubt was an oversight or clerical error.

The truth was, that the creditors of Henschen, Krite & Co., and all the parties to the agreement of release and the composition deed, treated this note as a debt of that firm, and although it was not in point of fact a debt of the firm, it was counted as one in that transaction, and must be considered as such "*pro hac vice.*" After the creditors of Henschen, Krite & Co., had thus agreed to let that debt come into the deed, and after the deed had been executed on the faith of this understanding, they would be estopped to deny that this debt was to share its part of the proceeds of the trust property.

Therefore if those transactions amounted to a release of the real debts of Henschen, Krite & Co., secured by the trust, this debt certainly ought to share the same fate. For the plaintiff was thus allowed to share in assets which would otherwise have been beyond his reach.

There is no question of fraud as to creditors raised here; all the creditors are parties, and agreeing to the release and deed of trust. The grantors were not bound to make the deed, nor could they have voluntarily made the deed and required a release. The creditors as a matter of right, could not require the debtors to part with their control over their own property. The creditors preferred to have the property transferred to trustees for the payment of their debts, rather than to rely any longer on the personal responsibility of their debtors; and to attain this end they were willing to release their debtors and look alone to the property for payment. Such deeds of composition and release, where there is no fraud as to the other creditors, are legitimate transactions, and ought to be upheld by the Court.

Under this view, the declarations of law given for the plaintiff should have been refused. The one given for the defendant if properly modified might stand.

For these reasons the judgment will be reversed and the cause remanded. The other Judges concur.