HERMANN EGGEMANN, Appellant, *vs.* C. HENRY HENSCHEN, Respondent.

56 123
74a 466

1. *Promissory notes—Deed of composition—Estoppel—Trust note.*—In an action by the holder against the indorser of a promissory note, where it appeared that the maker had entered into ᵃa deed of composition and release with his creditors, and that plaintiff had accepted its provisions, and nothing on the face of the note showed that it was held by plaintiff in trust, and it was treated by him as his individual property, he is estopped so far as the maker is concerned, from after claiming that he held the note as guardian.

2. *Promissory note—Deed of release as to maker—Release of subsequent indorser.*—Where the holder of a note releases the maker, such release operates as a discharge of the indorser, and the fact that he assents to the release does not alter the case.

*Appeal from St. Louis Circuit Court.*

*E. C. Kehr,* for Appellant.

The indorser, having assented to the release of his maker, is not discharged. (Mont. Comp., 36 ; Sto. Bills, 430 ; Lewis vs. Jones, 4 B. & Cr., § 515 ; Sto. Pro. Notes, 427 ; Edw. Bills & N., 291.)

*Lubke & Player,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action by the plaintiff as holder, against the defendant as indorser, of the following negotiable promissory note :

"ST. LOUIS, December, 1st, 1867.

Three years after date, we promise to pay to the order of C. H. Henschen, One Thousand Dollars, for value received, negotiable and payable without defalcation or discount with interest at the rate of eight (8) per centum per annum.

HENSCHEN, KRITE, & Co.

Indorsed, "C. H. HENSCHEN."

At maturity this note was duly protested for non-payment and due notice thereof served on the defendant.

The defense relied on was, that the note before maturity had been released or satisfied by a composition deed made by Henschen Krite & Co. the provisions of which the plaintiff, as

holder of this note, had accepted in satisfaction of the same. This composion deed was passed on in the case of Diermeyer vs. Hackman (52 Mo., 282), where it was held to be a release by the creditors of their debts. The note sued on was listed as one of the debts under this deed of composition.

The plaintiff, however, claims that this note was held by him as guardian for minor children, and that he did not intend to embrace it amongst the debts to be released. But whether he so intended or not, he did in point of fact list it as one of the debts. It is a negotiable note, indorsed by the defendant in blank, and which had been transferred to the plaintiff by delivery. There is nothing on the face of the note to show that it was held in trust, and the plaintiff had the right to treat it as his own, and did in fact claim it as his individual property by listing it as such under the deed of composition.

Under the rule laid down in Diermeyer vs. Hackman, *supra*, this note, so far as the makers are concerned, was satisfied by the deed of composition.

The defendant also signed the resolution to accept the provisions of the deed of composition. The evidence does not show whether he was a creditor or not, except as payee and indorser of this note.

It is contended that by assenting to the release of the note, under the provisions of the composition deed, his liability as indorser still remained. His liability as indorser was contingent, and could only be fixed by due presentment and notice of dishonor of the note at maturity.

When a holder of a note releases any antecedent party, that operates as a discharge of all the subsequent parties or indorsers on the note—"for otherwise, the remedy of the subsequent parties over against the released party, would, upon payment by them, be gone, or, if they could recover the same, the release of the antecedent party would become virtually inoperative by the act of the holder." (See Story on Prommissory Notes, Sec. 423.)

I do not see that the assent of an indorser to such release would make any material difference. The note in suit was

by the deed of composition released, both as to the makers and this indorser ; or to speak more properly, was effectually retired as to those parties, and could only be revived by going into the hands of an innocent holder for value before maturity.

Under these views, the judgment, which was for the defendant, will be affirmed with the concurrence of the other judges.