DENT G. TUTT, Appellant, *v.* CELSUS PRICE ET AL., Respondents.

May 6, 1879.

1. If it clearly appears from the record in a former proceeding between the same parties what issues were therein determined, the question whether the issues in the pending action were passed upon in the former is a question of law.

2. If the issue is in doubt, extrinsic and parol testimony may be introduced to determine the matter; and if this testimony is excluded, it is error to submit the question to a jury by instructions.

3. That a judgment may be a bar, it must appear, either from the record of the former suit or by extrinsic evidence, that the issue in the pending action was raised and determined in the former suit.

4. Where a release, absolute in its terms, but called by the parties a "conditional release," is executed in contemplation of a composition of creditors, it is competent to show by parol an express condition that all releases to be executed should be binding only in the event of all the creditors coming into the arrangement.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

W. H. CLOPTON, for appellant : The release offered in evidence was no defence. — *Perkins* v. *Lockwood*, 100 Mass. 249 ; *Harriman* v. *Harriman*, 12 Gray, 341 ; *Price* v. *Conner*, 3 Mo. 453 ; *Goodman* v. *Cheeseman*, 2 Barn. & Adol. 328 ; *Eaton* v. *Lincoln*, 13 Mass. 424 ; *Grover* v. *Wakeman*, 11 Wend. 187. The plea of *res adjudicata* was not sustained. — *Lindell* v. *Leggett*, 1 Mo. 432 ; *Offut* v. *John*, 8 Mo. 120 ; *Taylor* v. *Larkin*, 12 Mo. 103 ; *Bell* v. *Hoagland*, 15 Mo. 360 ; *Ridgely* v. *Stillwell*, 27 Mo. 128 ; *Clemens* v. *Murphy*, 40 Mo. 121.

JOSEPH T. TATUM, for respondents : It is not essential to the validity of a release by a creditor that other creditors should also release. — *Farrington* v. *Hodgton*, 119 Mass. 453 ; *Perkins* v. *Lockwood*, 100 Mass. 249 ; *Eaton* v. *Lincoln*, 13 Mass. 424. Parol evidence that the release was conditional was inadmissible. — *Van Bokkelen* v. *Taylor*, 62 N. Y. 105.

HAYDEN, J., delivered the opinion of the court.

In defence to the present action, brought upon two promissory notes executed by the defendants as members of the firm of Sterling Price & Co., the defendants claimed that, becoming embarrassed in 1873, they made a settlement with the creditors, of whom the plaintiff was one, by which, in consideration that the defendants forbore filing a petition in bankruptcy, and surrendered their property to an assignee for equal distribution among accepting creditors, such creditors, among others the plaintiff, released, in writing, the defendants from any obligation on the notes here sued upon. A further defence was that suit in the present causes of action had formerly been brought, and decided adversely to the plaintiff, in a United States court.

It appeared in evidence that a deed of assignment of all the property of the firm was by the defendants executed in

December, 1873 ; that, in 1874, a committee of the creditors, of which the plaintiff was a member, recommended to the creditors that a full release from their liabilities be given to Sterling Price & Co., on surrender by them of all their assets.   The defendants surrendered all their assets, a proportionate share of which the plaintiff received upon the notes here sued on.   The defendants did not go into bankruptcy.   The plaintiff signed a release as follows : —

[Conditional Release.]

" In consideration of a full release and surrender by Sterling Price & Co., of St. Louis, Mo., of all their property to George J. Davis, assignee, to be by him distributed *pro rata* among the creditors, the undersigned hereby release Sterling Price & Co. from all further liability on account of their present indebtedness.   Dated at ————, the ———— day of ————, 1874.

" [Signed]   TUTT, SMITH & Co."

Becoming dissatisfied, the plaintiff afterwards filed a petition against the defendants to put them into bankruptcy, on the ground of suspension of commercial paper, — *i.e.* the present notes, — to which the defendants pleaded the release here relied upon.   The transcript of the record of the District Court, here in evidence, shows a judgment of dismissal ; afterwards the plaintiff brought the present suit.   There was judgment in the court below for the defendants.

This case must be reversed on the ground of erroneous instructions given to the jury in regard to the defence of a former adjudication of the issues here presented.   It is impossible to say that the jury may not have found against the plaintiff upon the instruction given below ; yet this instruction is erroneous, and not warranted by the evidence : " That, if the jury find from the evidence that the same issue has been passed upon in a proceeding between the same parties in the United States District Court, then said judgment of said District Court aforesaid is a bar to the plaintiff's right of recovery herein, and the jury must find for defendants."

If, as the defendants now contend, it appeared from the transcript itself, and apart from extrinsic evidence, that the issue had been passed upon in the former case, then the question whether such was the fact ought not to have been submitted to the jury, as it is by the above instruction; for the question was one of law, it depending on the record. If, on the other hand, the question was for the jury, as put by the instruction, it could only have been because the extrinsic evidence, as presented by the testimony of witnesses, made it incumbent on the court to submit the question to the jury as one of fact. *Packet Co.* v. *Sickles*, 5 Wall. 580. But there was no extrinsic evidence, the court below having refused to allow it to be shown what issue the District Court decided. Thus, on either theory, the instruction was wrong; and in fact the jury were required to determine from the transcript what issue was passed upon.

The present, moreover, was merely a judgment of dismissal. It does not appear that there was any finding of facts by the court, or verdict of a jury. It is left to conjecture whether any merits were ever passed upon. Though the rule was formerly different, it is now well settled that to give a judgment the requisite force as a bar, it must appear, either upon the face of the record or by extrinsic evidence, that the precise issue was raised and determined in the former suit. If it appears that several matters may have been in issue, and that judgment may have gone upon one or more, thus leaving the precise issue in doubt, this uncertainty should be removed by extrinsic evidence. *Russell* v. *Place*, 94 U. S. 606; *Packet Co.* v. *Sickles*, 5 Wall. 590. See *Wright* v. *Salisbury*, 46 Mo. 26; *Spradling* v. *Conway*, 51 Mo. 51. If such extrinsic evidence takes the form of parol testimony, it should be left to the jury, under proper instructions, to say whether the issues, as defined by the court in the case at bar, were in point of fact passed upon at the previous trial. *Packet Co.* v. *Sickles*, *supra*. Where, as here, the

record alone is in evidence, the question is one of law. Here, as the record failed to show that the issue involved had been passed upon, the plaintiff was right in his contention that there was nothing to support the plea of former adjudication.

As this case must go back, it is proper to say that unless there was an agreement that the release of the defendants should be void if all the creditors did not come into the arrangement, then the fact that only a part of the creditors assented was immaterial. The burden devolved upon the plaintiff of showing an express agreement to this effect; but, under the circumstances of this case, it was competent for him to show it by parol. Here was no written deed or agreement of composition. There was the written release above given ; but this was not, as in *Van Bokkelen* v. *Taylor*, 62 N. Y. 105, a release to be signed by creditors in common, but a separate release. Here, moreover, though the words were not embodied in the writing, there appeared on the face of the paper the title, '' Conditional Release.'' We think it was competent for the plaintiff to prove by parol, not any secret understanding which would have operated as a fraud upon other creditors, for of such he cannot avail himself, but an express condition, if such there was, that all the releases to be executed should be binding only in the event that the entire body of creditors should come into the composition arrangement.

The plaintiff did not deny the execution of the release, and so was not required to make his reply under oath, but virtually confessed and avoided. He should therefore have pleaded the new matter. The report of the committee was part of the composition arrangement, in so far as the report was preliminary, and there was no error in admitting it. For the composition among the creditors there was ample consideration, and such arrangements will be upheld by the courts. *Diermeyer* v. *Hackman*, 52 Mo. 282 ; *Eaton* v.

*Lincoln*, 13 Mass. 424; *Farrington* v. *Hodgdon*, 119 Mass. 453. That the assignment had been made before the creditors met was immaterial.

The judgment is reversed, and the cause remanded for a new trial. All the judges concur.