FIRST NATIONAL BANK OF NEVADA, Appellant, v. SUSAN P. GARDNER *et al.*, Respondents.

Kansas City Court of Appeals, March 26, 1894.

1. **Principal and Surety:** PREPAYMENT OF INTEREST DOES NOT DISCHARGE. The payment of interest without an agreement to extend the time of payment will not discharge the surety.

2. **Novation:** NEW PAYMASTER: NO RELEASE. The fact that the original debtor conveys the premises mortgaged to secure the debt, to a third person who promises to pay the debt and does make partial payment thereon, with the consent of the creditor, will not release the original debtor.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED *(with directions).*

*M. T. January* for appellant.

(1) The trial court ought to instruct peremptorily, unless there is *substantial* evidence to go to the jury. *Bank v. Moorman,* 38 Mo. App. 484. (2) The appellate court will examine the evidence and reverse, where the verdict is so grossly against the evidence as to indicate prejudice or ignorance or mistake. *Walton v. Railroad,* 49 Mo. App. 620. (3) If Robinson took a conveyance of the house and lot on which the bank held a second trust deed and at the time agreed with Gardner to pay the note in suit as part of the purchase money, Robinson simply became an additional debtor to whom the bank could look for payment if it so desired; the fact that he also might be liable to the bank, in no way, of itself, affected the liability of the original debtors. *Rogers v. Gosnell,* 58 Mo. 589; *Cress v. Blodgett,* 64 Mo. 449; 1 Jones on Mortgages [3 Ed.], p. 616, sec. 750; *Fitzgerald v. Barker,* 85 Mo. 13.

*L. N. Kennedy* for respondent.

GILL, J.—This is an action on a promissory note for $100, dated at Nevada, Missouri, September 27, 1890, due ninety days after date, payable to the plaintiff and signed by defendants Gardner, Powell and Kennedy as joint makers, though Powell and Kennedy claim to have been mere sureties. The interest seems to have been paid to June 27, 1891, and indorsements to that effect appear on the note. The plaintiff recovered before the justice of the peace, but on trial in the circuit court on appeal there was a judgment in defendants' favor and plaintiff brought the case here.

After a careful perusal of the record we fail to discover any substantial defense to this suit. Respondents

have failed to furnish us with a brief, so we may be advised on what ground they rely; but, as we understand it, two defenses were interposed in the circuit court: *first*, that the securities, Powell and Kennedy, were released from their obligation by reason of an alleged extension of time without their consent; and, *second*, that plaintiff had agreed to accept one Robinson as debtor and release the defendants.

From the testimony it appears that Gardner as principal debtor borrowed this money from the plaintiff bank and gave defendants Powell and Kennedy as sureties. The note was renewed from time to time, and shortly after the making of the last note the bank requested additional security and Gardner made a second deed of trust on a lot he owned in Nevada. Gardner then sold and conveyed this property to one Robinson; and whether Robinson assumed the incumbrances or simply took the lot subject thereto is not clear. However this may be the cashier of the bank was advised of Robinson's purchase and Robinson made two separate payments on account of interest. This last payment of interest was in May, 1891, (after maturity of the note) and the four dollars, the amount then paid by Robinson, was interest due to June 27, 1891. Although the interest thus paid by Robinson was in advance of its maturity, there was no agreement had between the bank and Robinson for extension of time on the principal obligation—indeed nothing was said about it, except that, as the interest then (in May) due was something over $3 and less than $4, Robinson made it "even money" by paying $4 to the bank.

Admitting now that the payment by Robinson in May was the receipt by the bank of interest in advance, this, of itself, was no evidence of a valid contract for extension of time for payment of the note. It has been uniformly so held by the appellate courts of the

state. *Citizens' Bank v. Moorman*, 38 Mo. App. 484, and cases cited on p. 486. While the prepayment of interest would furnish a *consideration* for a contract of extension, if the promise was in fact made, yet the taking of interest in advance will not constitute such a promise. *Hosea v. Rowley*, 57 Mo. 357. The evidence here then wholly failed to show any agreement to extend the time of payment on. the note in suit, and the defendant securities are not entitled to any protection on that score.

The other defense, to-wit: that plaintiff had agreed to accept Robinson for payment of the note and discharge defendants, has no merit whatever. It is difficult to understand upon what such a claim can be made. After Gardner had sold the lot to Robinson (and, according to Gardner's testimony, Robinson had promised to pay the incumbrances) Gardner testified that he informed the bank's cashier that Robinson would pay the note, etc., and the cashier answered "all right." But not a word was said about releasing the defendant's or any of them. At the trial the question was asked: "Did Mr. Carr (the cashier) tell you (Gardner) he would release you on the note?" *A.* "Why, no; I never thought of it." *Q.* "And you did not think to ask him about releasing you on the note?" *A.* "No, sir; I never thought about having him release me." There was not at the trial a *scintilla* of evidence tending to prove the substitution of one debtor for another.

The judgment herein is clearly for the wrong party. It will be reversed and the cause remanded with directions to the lower court to enter judgment for the plaintiff for the amount due on the note with interest and costs. All concur.