JAMES BROWN, Appellant, v. P. B. CROY, Respondent.

Kansas City Court of Appeals, April 4, 1898.

1. Bills and Notes: RELEASE OF MAKER: INDORSER.    The release of a maker of a promissory note discharges all subsequent parties including the indorser thereof.

2. ———: NOVATION: CONSIDERATION.    A valuable consideration is any benefit or detriment to the party to whom the promise is made, and where a debtor arranges with his debtor to pay the former's debt to his creditor and such creditor consents and accepts the new debtor and releases the old one, the novation is complete.

*Appeal from the Gentry Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

ALESHIRE & BENSON for appellant.

(1)    Appellant contends that the court erred in refusing to give his demurrer to the evidence at the close of the case.    (2)    As the evidence taken altogether was insufficient to justify the defense of novation, this is another reason why the demurrer should have been given.    As novations are usually the result of parol agreements, nothing short of positive and unconditional mutuality will be recognized, and the evidence to sustain such a defense should be clear, cogent and positive.    16 Am. and Eng. Ency. of Law [1 Ed.], p. 162; 16 Am. and Eng. Ency. of Law, pp. 864–867;

In re Sullinerger, 72 Cal. 549. (3) The court erred in giving defendant's instruction number 5. The following cases we think fully support our theory of what a proper novation is and that there must be a mutual consent and agreement of all the parties to the contract. Edgell v. Tucker, 40 Mo. 523; Lee v. Porter, 18 Mo. App. 377; Cornwell v. Megins, 39 Minn. 407; 40 N. W. Rep. 610; Levy v. Ford, 6 So. Rep. (La.) 671; Horn v. McKinney, 32 N. E. Rep. (Ind. App.) 334; Morrison v. Kendall, 33 N. E. Rep. (Ind. App.) 370; Lumber Co. v. Meffert, 59 Mo. App. 437; 2 Wharton, Cont., sec. 855; Kelso v. Fleming, 104 Ind. 180; Clark v. Billings, 59 Ind. 508; 2 Bouvier's Law Dic., p. 242, par. 4; Jacob v. Malony, 64 Mo. App. 270.

McCullough, Peery & Lyons and C. A. Ratcliffe for respondent.

(1) The release of a party to a note for a valuable consideration discharges all parties subsequent to the one released, who, on making payment, might have looked to him for reimbursement. And this is true even though the subsequent party consents to the release. 2 Dan., Neg. Inst., secs. 1290, 1306, 1310; Eggeman v. Henschen, 56 Mo. 123; Bank v. Schmucker, 7 Mo. App. 171; Tiedeman, Com. Pap., sec. 423. (2) The conveyance by Russ and wife to Whiteley and the promise by Whiteley to pay the notes, constituted a sufficient consideration for the release of Russ and wife, as testified to by Russ. Lancaster v. Elliott, 55 Mo. App. 249; School Dist. v. Sheidley, 138 Mo. 672; Brownlow v. Wollard, 66 Mo. App. 636; Brown v. Kirk, 20 Mo. 524. (3) If the debtor makes an arrangement with his debtor, based upon a valid consideration, whereby the latter is to assume and pay the debt to the

creditor, and then before the consideration passes or the transaction is completed, either of the two debtors explains the proposed contract to the creditor and asks his consent thereto, and he consents to the substitution and agrees to accept the new debtor and release the old one, then it seems to us the novation is complete. 1 Parsons, Cont. [5 Ed.], p. 217; 2 Whart. Cont., secs. 853, 858; Lawson, Cont., sec. 398; Lee v. Porter, 18 Mo. App. 377; Benham v. Building Co., 60 Mo. App. 34; Murphy v. Harnahan, 50 Wis. 489; Bank v. Gardner, 57 Mo. App. 268; Mulgrew v. Cochrane, 96 Mich. 422; s. c., 98 Mich. 532; Briscoe v. Callahan, 77 Mo. Mo. 134; Lumber Co. v. Meffert, 59 Mo. 437; Miller v. Wilson, 126 Mo. 48; Mulcrone v. Lumber Co., 55 Mich. 622.

SMITH, P. J.—This is an action by the holder and indorsee of a promissory note against the payee and indorser thereof. The defendant for a defense relied upon a discharge from his obligation as indorser. While the evidence was somewhat conflict-

STATEMENT.

ing, that adduced by the defendant tended to prove about these facts, namely: That one Russ purchased of defendant certain real estate for the purchase money of which he executed four promissory notes, that in suit being one of them, which were secured by a deed of trust on the realty so purchased. Before the maturity of the notes the defendant for value indorsed the same to plaintiff, waiving protest thereof. After the plaintiff had become the owner of said notes, Russ proposed to one Whiteley that he would convey to him the said real property described in the deed of trust to Croy, if he (Whiteley) would assume the payment of the notes which the said deed of trust was given to secure. Whiteley agreed to accept this proposition if the assent of the

plaintiff could be had thereto. Accordingly Russ and Whiteley made known to plaintiff the terms of their agreement and requested his assent thereto, which he accordingly gave, whereupon Russ made a conveyance to Whiteley of the property. Plaintiff accepted of Whiteley several small monthly payments on the notes. When the notes became due there still remained a considerable amount due thereon, and thereupon the plaintiff caused the realty to be sold under the deed of trust, but there was not enough realized out of the sale to discharge the notes *in toto*. The plaintiff then brought this suit against the defendant to recover the deficiency.

The circuit court instructed for the defendant: "If the jury believe from the evidence that the said E. L. Russ and wife made a sale and conveyance of the property covered by the deed of trust to B. H. Whiteley, and that by said contract of sale said B. H. Whiteley was to assume and pay the notes sued upon, and that before or at the time of said sale and conveyance the plaintiff agreed to and with the said E. L. Russ and wife, B. H. Whiteley, or either of them, that he would accept said Whiteley for the payment of said notes and would release said Russ and wife from the payment thereof, then the jury should find for the defendant."

And for the plaintiff: "The burden of proof rests upon the defendant to establish the defense that Brown agreed to release Russ and his wife from the payment of said debt, and to accept Whiteley solely for the payment of the same."

The plaintiff complains of the action of the court in giving the defendant's instruction on the ground that it is erroneous in its enunciation. The rule has been long settled in this state to the affect that where

a holder of a note releases the maker such release operates as a discharge of all the subsequent parties thereto, including the indorser thereon, and this "for," as stated by Judge Story in his work on Promissory Notes, section 423, "otherwise the remedy of the subsequent parties over against the released party would, upon payment by them, be gone, or, if they could recover the same, the release of the antecedent party would become virtually inoperative by the act of the holder." And whether or not the indorser assents to the discharge is of no consequence. Eggemann v. Henschen, 56 Mo. 123; Bank v. Schmucker, 7 Mo. App. 171.

*BILLS and notes: release of maker: indorser.*

A valuable consideration has been defined by Chancellor Kent to be one that is either a benefit to the party promising or some trouble or prejudice to the party to whom the promise is made 2 Kent, Com. [2 Ed.], 466. If the least benefit or damage be received by the promisor from the promisee or a third person, or if the promisee sustain any or the least injury or detriment it will constitute a sufficient consideration to render the agreement valid. Marks v. Bank, 8 Mo. 319; Wirt v. Sherman, 67 Mo. App. loc. cit. 172; Brownlow v. Wollard, 66 Mo. App. 636; Hooker v. Ins. Co., 69 Mo. App. 141.

*——: novation: consideration.*

In Wharton on Contracts, section 858, it is stated: "It is enough if the promisor makes the promise on which he is charged as a compensation for some surrender, no matter how slight, by the promisee. Thus, if C., the original creditor, says to the substitute: 'If you will take his place I will release D.,' the original debtor, this binds C. and if S., the substitute, says to C.: 'If you will release D. I will take his place,' this is a sufficient consideration so far as it concerns S. The extinction of intermediate original liabilities is in

itself a sufficient consideration to sustain the new contract, by which the parties to the reconstructed contract become bound to each other in original privity. C., the creditor, suffers detriment by surrendering D., the original debtor. S. says, 'If you will submit to this contract by letting D. go, I will take his place.' This detriment to C. is a sufficient consideration for S.'s promise to C." And this author in another section of the same work, section 853, further states: "Among the most conspicuous cases of novation in our own practice are those which arise when a debtor selling property agrees with the purchaser and the creditor that the purchaser is to be taken as debtor in his place. In other words, C., the creditor, agrees to take P., the purchaser of D.'s property, as a debtor in the place of D., the original debtor."

The conclusion to be deduced from the elementary books and adjudged cases in relation to what constitutes a novation is about this, namely, if the debtor makes an arrangement with his debtor, based upon a valuable consideration whereby the latter is to assume and pay the former's debt to his creditor, and before passing of the consideration or the completion of the transaction either of the two debtors explains the proposed transaction to the former's creditor and asks his consent thereto, and he consents to the substitution and agrees to accept the new debtor and releases the old one, the novation is complete. 1 Parsons on Contracts [5 Ed.], p. 217; 2 Wharton on Contracts, secs. 853, 858; Lawson on Contracts, sec. 398; Lee v. Porter, 18 Mo. App. 377; Edgell v. Tucker, 40 Mo. 523; Bank v. Gardner, 57 Mo. App. 268; Mulgrew v. Cochrane, 96 Mich. 422. The defendant's instruction in expression is in accord with the principles announced by the authorities to which we have just adverted. And that of plaintiff hereinbefore quoted

harmonizes in theory with that of defendant, so that it is not for the plaintiff to be heard to complain of a rule of law which he himself recognized as correct when the cause was on trial in the court below.

There was evidence sufficient to justify the submission of the case to the jury upon the theory of the instructions and therefore it was not error to refuse the plaintiff's peremptory instruction.

No reason is seen why the judgment should not be affirmed which is ordered accordingly.    All concur.