## Ira W. Rubel et al. v. Title Guarantee and Trust Co.

101   439,
a199s 110

1. PENDENTE LITE—*Purchasers Bound by the Judgment.*—A purchaser *pendente lite* is bound by the judgment entered in a condemnation suit.

2. PAROL EVIDENCE—*Admissible When a Judgment Presented as an Estoppel Fails to Show What Points Were in Controversy.*—When a judgment is presented as an estoppel to a claim and the record does not show with certainty what was adjudged, parol evidence is admissible to show what points were in controversy in the former trial, what testimony was given and what questions submitted, but not to the extent of contradicting the record.

3. JURY—*Secret Deliberations Not Admissible.*—The secret deliberations of a jury, or grounds of their proceedings in arriving at a verdict, are not admissible.

Action for Rent.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 4, 1902.

This was an action by appellee to recover rent under a written lease. The lease was dated May 1, 1893, and ran from William J. Watson to appellants, and was to expire April 30, 1898. Mr. Watson made a warranty deed of the

premises covered by the lease, and assigned the lease to appellee February 17, 1894.

The defense which the appellants attempted to make, and which was ruled out by the court, grows out of the following state of facts:

January 8, 1894, the Metropolitan West Side Elevated Railroad Company filed a petition in the Circuit Court to condemn the lot and building which was the subject of the lease, for a part of the right of way for its elevated road. Watson and appellants were made parties defendant, and such proceedings were had that the trial of the condemnation suit to ascertain the value of appellants' leasehold was submitted to his honor, Judge Clifford, for trial without a jury, and on the 17th day of July, 1894, the court made a finding in favor of Rubel Bros. for the value of said leasehold estate of $28,000, and entered a judgment on the finding. The value of the reversion was settled out of court. On the trial of the condemnation suit as to the value of the leasehold, and on the 16th of May, 1894, counsel for appellants called the attention of the court, in open court, to the fact that an installment of rent on their lease had come due the day before, and that they did not want to pay it, and wanted it to stand and to be taken account of by the court in making up his judgment in the condemnation case. That statement was made in the presence of Clarence Darrow, the attorney for the railroad company, and no objection was made by Mr. Darrow to that course, and the rent was not paid. Counsel also offered to show on the trial of this present case that Mr. Benze, the agent of the elevated road, came to Rubel Bros., and saw them before the condemnation suit came on for trial, and desired them not to rent some of their floors. It was a seven-story building, and they had some floors vacant, and Mr. Benze, when Mr. Rubel protested that he could not afford to allow the floors to remain vacant, stated to appellants that this matter would be adjusted when it came into court, and the amount of money to be paid to them should be determined and ascertained. All these offers of proof were rejected by the

Rubel v. Title Guarantee and Trust Co.

court, on objection by counsel for appellee, and exceptions were duly taken by appellants to each of the rulings.

The petition for condemnation and the judgment of condemnation were offered in evidence and objected to by counsel for appellee as irrelevant, incompetent and immaterial. The objection was sustained and appellants excepted to the ruling.  Also on the trial of this present case appellants offered to prove that the purchase of the building, though made in the name of the Title Guarantee and Trust Company, was really made by the Metropolitan Elevated Railroad Company.  This evidence was objected to and ruled out, and appellants excepted.  The correctness of the several rulings is challenged by appellants.

KERR & BARR, attorneys for appellants.

GARDNER & BURNS, attorneys for appellee; WILLIAM W. GURLEY, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellee was a purchaser *pendente lite*, and bound by the judgment entered in the condemnation suit.

The fact, if such there be, that the Title Guarantee and Trust Company purchased the premises for the benefit of the Metropolitan Railroad, would not affect the liability of appellants to pay rent under their lease up to the time that the judgment of condemnation was entered.

Whether the value of appellants' property should have been, in the condemnation suit, estimated by the court as of the date of the filing of the petition against it, or more or less than it was, is immaterial in this case, which is not an appeal from the condemnation judgment.

Appellants also urge that the evidence offered by it of what occurred in the condemnation suit should have been admitted in this case "for the consideration of the jury, who could have determined from the evidence whether Judge Clifford, in making up his judgment, considered the rent as merged from the date of the filing of the petition, or from the date of the commencement of the trial, or from the date of entering judgment."

No authority for submitting to a jury the question of what another jury in another case, or a judge sitting to determine questions of fact considered in making up his finding as to questions of fact or in rendering judgment, has been presented.

As we are not sitting in review of Judge Clifford's finding or judgment, and no complaint is made thereof, it must be presumed that he considered all that he ought to have done, and that his finding and judgment were in accordance with the law.

When a judgment is presented as an estoppel to a claim, and the record does not show with certainty what was adjudged, parol evidence is admissible to show what points were in controversy in the former trial, what testimony was given and what questions submitted, but not to the extent of contradicting the record. Black on Judgments, Sec. 626 to 632.

The secret deliberations of the jury or grounds of their proceedings in arriving at a verdict are not admissible. Packet Co. v. Sickles, 5 Wall. 580; Tutt v. Price, 7 Mo. App. 194.

In the condemnation proceeding against appellants' property the only questions were the right to condemn and the value of the property. Appellee had no interest in such suit and was no party to the judgment therein rendered in appellants' favor.

Whether they obtained a judgment for twenty or twenty-eight thousand dollars was a matter of no consequence to it, nor as to which it could be or was heard.

Appellants insist that the Metropolitan Railway Company was really the owner of the building, and that appellee held title merely as its trustee. This it offered to show by statements of an agent of the Metropolitan Railway Company.

Neither pleading, stipulation nor agreement by the Metropolitan Railway Company or appellee that Judge Clifford should deduct from the value of appellants' leasehold interest the rent of the premises up to July 17, 1894, or any other time, was offered to be shown.

Whether such evidence would have been admissible is not a question before this court. It certainly would not have been if in contradiction of the record in the condemnation case.

Appellants used and occupied the premises until July 17, 1894, and only until that time has judgment for rent been rendered against them.

By the judgment of condemnation rendered on that date they were constructively evicted, and shortly after, moved out. The obligation to pay rent to whomever owned the premises lasted until that day. Corrigan v. City of Chicago, 144 Ill. 537, 545, 548; Wood on Landlord and Tenant, Second Edition, 1098.

The judgment of the Circuit Court is affirmed.