DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1906.

---

### Christian F. Wiehe v. Robert W. Atkins.

#### Gen. No. 11,849.

1. STATUTE OF LIMITATIONS—*effect of involuntary non-suit upon.*
Where the plaintiff in an action suffers an involuntary non-suit, he is
given by the Statute of Limitations one year from the date of suffering
such non-suit to begin his action anew.

2. IDENTITY OF ACTIONS—*parol evidence competent to establish.*
Where it is material to determine the question of the identity of actions
and such fact does not appear by a comparison of the several records,
parol evidence is competent.

Action of assumpsit. Error to the Circuit Court of Cook County; the
Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the Oc-
tober term, 1904. Affirmed. Opinion filed April 5, 1906.

SHORT & HOGAN, for plaintiff in error.

DICKINSON & HAREMSKI, for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinon of the
court.

Defendant in error was plaintiff and plaintiff in error de-
fendant in the trial court, and will be so referred to here.
Plaintiff recovered judgment in the Circuit Court against
defendant for the sum of $84.85, on appeal by the defend-
ant from a judgment rendered by a justice of the peace.
No objection was made in the trial court as to the amount

(1)

of the judgment, or that the services claimed by the plaintiff to have been rendered by him for defendant were not rendered, nor is any such objection made here. The defendant introduced no evidence. The sole defense made by defendant in the trial court or here, is, that when the suit was brought before the justice, it was barred by the Statute of Limitations. The work done by plaintiff for defendant, for the value of which the suit was brought, was completed July 17, 1895, and the price of the work was then due. The suit was commenced before the justice July 26, 1900, nine days after the expiration of the five years (the statutory limitation) from July 17, 1900. Transcripts from justices of the peace were introduced in evidence by plaintiff, showing that Atkins, the plaintiff, commenced suit before Max L. Wolff, J. P., against defendant July 3, 1900, and that such proceedings were had therein, that July 20, 1900, a change of venue was taken to Thomas Bradwell, J. P., and that on the same day, July 20, 1900, defendant took a change of venue from Justice Bradwell to G. W. Underwood, J. P., and that such proceedings were had before Justice Underwood that July 26, 1900, the suit was, on motion of the defendant Wiehe, dismissed. This dismissal was an involuntary non-suit as to the plaintiff Atkins, and the plaintiff had one year from July 26, 1900, in which to commence a new action, or until July 26, 1905, the date of the commencement of the present suit. Hurd's Rev. Stats. 1903, p. 1208, parag. 25.

But counsel for plaintiff in error contend that it does not appear from the transcripts that the suit commenced before Justice Wolff July 3, 1900, was for the same cause of action as the present suit, and that it cannot be shown by oral evidence that it was, and that the court is confined to inspection and comparison of the transcripts, in passing on that question. In the latter proposition counsel errs.

Parol evidence is admissible to show what the former suit was for, when the record does not show this with certainty. Rubel et al. v. Title Guarantee and Trust Co., 101 Ill. App. 439. Parol evidence of what occurred on a former

Wiehe v. Atkins.

trial, when the pleadings are general, and this cannot be determined from the record, is always admissible. Wright v. Griffey, 147 Ill. 496, 500. Parol evidence of what was actually submitted and determined on a former trial is admissible. Leopold v. City of Chicago, 150 ib. 568, 575, and cases cited. See, also, Howell v. Goodrich, 69 Ill. 556, and Bennitt v. Star Mining Co., 119 ib. 9. The form of the summons in suits before justices is general, not stating the specific demand; no pleadings are required; and when it becomes important to prove what the particular claim was, we have no doubt that parol evidence is admissible for that purpose. It appears from the testimony of plaintiff, which was uncontradicted, that he first saw defendant in 1895, and never did any work for him except that in question. We think this evidence, in conjunction with the transcripts, was sufficient to sustain a finding that the cause of action in the former suit was the same as in the present one. Defendant must have known what the former suit was for, and if it was on a different claim from that involved in the present suit, it is a legitimate inference that we would find his testimony to that effect in the record. Defendant's assignments of error are, that the court erred in admitting in evidence the transcripts of the records of the justices in the former suit, and in refusing to instruct the jury to find for the defendant. The transcripts were competent and relevant to the issues and were properly admitted in evidence, and there being evidence materially tending to support the plaintiff's case, the court did not err in refusing to take the case from the jury.

The judgment will be affirmed.

*Affirmed.*