BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1914.

PHENIX NATIONAL BANK OF NEW YORK, Appellant, v. SARAH A. HANLON, Administratrix et al., Respondents.

St. Louis Court of Appeals, May 5, 1914.

1. BILLS AND NOTES: Indorsement Before Delivery: Status of Indorser. Under Sec. 10033, R. S. 1909, a person who places his signature upon a promissory note otherwise than as maker is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.

2. ———: Release of Maker: Discharge of Indorser. Under Sec. 10090, R. S. 1909, providing that a person secondarily liable on a negotiable instrument is discharged "by a release of the principal debtor," unless the holder's right of recourse against the party secondarily liable is expressly reserved, a reservation of such right of recourse cannot be implied from the acts or conduct of the parties, but must be expressly made; so that, where the payee of a promissory note received a part payment in full settlement, and indorsed on the note an acknowledgment of full settlement of the liability of the maker, an indorser was discharged, although he indorsed on the note a consent to the release of the maker, since the right of recourse against the indorser was not "expressly reserved."

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

183 Mo. App.]                    (243)

*Morton Jourdan* for appellant.

The testimony affirmatively shows that the payment by the millinery corporation, and its release upon the note, was agreed and assented to at the time by defendant Richard Hanlon, and that, upon the payment being made by the millinery company, defendant Hanlon, in writing, in red ink, expressed upon said note: "I consent to the above release of the obligation of the Richard Hanlon Millinery Company on this note," and the note with said endorsement was redelivered to the plaintiff's agent. The testimony shows that the plaintiff expressly reserved the right to hold Hanlon for the remainder of the note and that Hanlon agreed and acknowledged himself liable for that remainder, or balance, by executing the written agreement and consent upon the back of said note and returning or redelivering it to the plaintiff's agent. Sec. 10090, R. S. 1909, clause 5. "Expressly," as used in the statute referred to, is only used as a mode of saying that the holder's right of recourse against Hanlon was intentionally and purposely reserved. Lightfoot v. Bass, 2 Tenn. Ch. 667; Magone v. Heller, 150 U. S. 70; Hovery v. State, 21 N. E. 21; State Savings Bank v. Black, 59 N. W. 283.

*Leahy, Saunders & Barth* for respondents.

(1) Hanlon was not a party to the face of the instrument, but was an endorser. Sec. 10033, R. S. 1909. (2) Release of maker operates as discharge of endorser because the instrument is discharged, and the endorser can have no recourse against prior parties. Sec. 10090, R. S. 1909, subsections 1, 3 and 5; Sec. 10092, R. S. 1909; Eggeman v. Henschen, 56 Mo. 123; Bank v. Schmucker, 7 Mo. App. 171; Brown v. Croy, 74 Mo. App. 462; Laumeier v. Hallock, 103 Mo. App. 116; Ziegfried v. Stein et al., 117 N. Y. Supp. 900,

ALLEN, J.—This is an action commenced against Richard Hanlon, deceased, to recover the balance alleged to be due plaintiff upon a certain note. The cause was tried below before the court without a jury, resulting in a judgment for defendant, and the plaintiff appealed to this court. The defendant died while the appeal was pending and the cause has been revived against his estate.

The note in question was originally for the sum of $5000, dated July 19, 1906, payable five months after said date, with interest after maturity. It was executed by the Richard Hanlon Millinery Company, a corporation, and endorsed by the defendant Richard Hanlon. After maturity, to-wit, on June 1, 1907, the sum of $2500 was paid plaintiff by the Richard Hanlon Millinery Company, and the following indorsements made upon the note, viz:

"We acknowledge the receipt of twenty-five hundred dollars, $2500, in full settlement of liability of Richard Hanlon Millinery Company on within note.

PHENIX NATIONAL BANK, NEW YORK,

By Etc.

"I consent to the above release of the obligation of the Richard Hanlon Millinery Company on this note.

RICHARD HANLON."

Plaintiff's action proceeds upon the theory that although the Richard Hanlon Millinery Company, the principal debtor, was fully released, nevertheless, under the circumstances, the defendant, Richard Hanlon, still remained bound upon the instrument and obligated to pay the balance, principal and interest, remaining unpaid upon the note.

But we think it quite clear that the release of the principal debtor released the defendant Hanlon, and that the trial court properly found the issues in defendant's favor. The rights of the parties are controlled by the provisions of the Negotiable Instruments Law, adopted in this State in 1905. One pro-

vision of this act, section 10033, Revised Statutes 1909, is as follows:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

The effect of this section was to alter the rule previously existing in this State, to the effect that one who placed his name on the back of a negotiable promissory note, before delivery, was to be considered prima facie as a co-maker. [See Bank v. Trust Co., 187 Mo. 494, 86 S. W. 109; Walker v. Dunham, 135 Mo. App. 396, 115 S. W. 1086.] In the case before us, there is absolutely nothing to indicate that the defendant's intention was to be bound in any capacity other than as an indorser; and hence under the statute he is to be treated as such. And under section 10161, Revised Statutes 1909, it is clear that defendant is a party "secondarily liable" on the instrument.

Section 10090, Revised Statutes 1909 is in part as follows: "A person secondarily liable on the instrument is discharged: '(1) By any act which discharges the instrument; . . . (3) By the discharge of a prior party except when such discharge is had in bankruptcy proceedings; . . . (5) By a release of the principal debtor *unless the holder's right of recourse against the party secondarily liable is expressly reserved. . . .*' " (Italics ours.) In this connection see, also, sections 10089 and 10092, Revised Statutes 1909.

That the defendant became bound in the capacity of an indorser, and secondarily liable upon the instrument, does not appear to be disputed. Appellant's sole contention is that, though the principal debtor was released, the holder's right of recourse against the defendant was "expressly reserved" within the meaning of section 10090, supra. And it is said that this ap-

pears from the fact that the defendant's consent to such release was obtained, and that the note was not surrendered and cancelled, but was retained by plaintiff.

But it seems quite clear that plaintiff cannot be said to have thereby "expressly reserved" its right of recourse against the indorser. On the contrary, in order to hold that plaintiff reserved such right, we must have resort to inferences arising from the acts and conduct of the parties; whereas the statute makes it necessary for the holder to expressly reserve such right, otherwise a party secondarily liable will be discharged. By plaintiff's indorsement upon the note, at the time of the payment of the $2500, plaintiff *unconditionally* released the principal debtor. No right of recourse whatsoever against the defendant indorser was in any manner reserved. The fact that the defendant consented to such release is wholly without influence; for the effect of plaintiff's unconditional release of the principal debtor is in no way altered or qualified by reason of defendant's assent thereto.

The common law rule existing in this State prior to the enactment of the Negotiable Instruments Law, and which had become a thoroughly settled doctrine of our courts, was to the effect that where a holder of a note released the maker, such release operated to discharge all subsequent parties thereto, including an indorser; and that the consent of the indorser to such release in nowise affected the application of the rule. [See Eggeman v. Henschen, 56 Mo. 123; Bank v. Schmucker, 7 Mo. App. 171; Brown v. Croy, 74 Mo. App. 462; Laumeier v. Hallock, 103 Mo. App. 116, 77 S. W. 347.]

This doctrine obtained for the reason, as stated by Judge Story, that "otherwise the remedy of the subsequent parties over against the released party would, upon payment by them, be gone, or, if they could recover the same, the release of the antecedent party

would become virtually inoperative by the act of the holder.'' And the fact that the indorser assented to the discharge was held to be wholly immaterial. [See Eggeman v. Henschen, and Brown v. Croy, supra.] The statute, therefore, (sec. 10090, supra) did not have the effect of altering the rule prevailing in this State in respect to the matter in hand. The statute, however, is clear and unmistakable in its terms, and leaves no room for doubt as to the effect of an unconditional release of the principal debtor upon the holder's right of recourse against parties secondarily liable.

We are referred by learned counsel for appellant to cases construing the word ''expressly'' as used in other connections (See Lightfoot v. Bass, 2 Tenn. Chancery 677; Magone v. Heller, 150 U. S. 70; Hovery v. State, 21 North Eastern 21); but such authorities are not here persuasive. When the statute provides that a party secondarily liable is discharged by a release of the principal debtors, unless the holder's right of recourse against such party is expressly reserved, it must be taken to mean precisely what it says, and that a reservation of such right of recourse cannot be implied from the acts and conduct of the parties, in the face of an unconditional release of the principal debtor. Indeed the term, ''expressly reserved,'' is evidently employed in the statute in order to leave no room for doubt as to this very matter, and to require, under the circumstances, an *express,* as distinguished from an *implied,* reservation of the holder's right of recourse against a party secondarily liable.

It follows that the judgment must be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.