JAMES W. BLACK *vs.* JOHN J. RIDGWAY & others.

Suffolk.    January 18. — April 6, 1881.    COLT & FIELD, JJ., absent.

In an action against the indorser of a promissory note, made since the St. of 1874, c. 404, the finding of an auditor that the defendant signed the note and owed the plaintiff the amount of it and the costs of protest will authorize a jury, in the absence of other evidence, in finding that the defendant had been notified of the nonpayment of the note, or had waived such notice.

Partial failure of the consideration of a promissory note is a defence to an action on the note only to the extent of the injury sustained by such failure.

CONTRACT against John J. Ridgway, as maker, and against Charles L. Ridgway and Harriet A. Ridgway, as indorsers, of a promissory note for $300, dated October 11, 1878, payable in three months after date to the order of the plaintiff. Writ dated January 21, 1879.   Answer: 1. A general denial.   2. Failure of consideration.

The action, after being discontinued as to John J. Ridgway on account of his discharge in insolvency, was referred to an auditor, who found that the note in suit had on its back the signatures of the last-named defendants, "who by such signatures became joint promisors;" that the consideration of the note was an agreement entered into by the plaintiff and John J. Ridgway, by the terms of which the plaintiff assigned to said Ridgway his interest in an agency held by him of the New York Calcium Light Company, and all the right he had to sell the gas manufactured by that company, and his good will in the buying and selling that gas; and by which the plaintiff agreed to purchase all the gas he should thereafter use of said Ridgway, and not to purchase any of said company; and to recommend and to use his best endeavors to influence his former customers to purchase gas of said Ridgway; and Ridgway agreed to sell to the plaintiff such gas as he should require, at the rate of twenty-five cents a foot and express charges, so long as he should purchase gas from said company at the then rates.

The auditor further found that, after this agreement was executed, the plaintiff did not purchase all the gas which he used of Ridgway; that he also bought gas of the New York company, which he sold to his former customers; that the plaintiff contended that, when he sold gas or bought it for his own use from others, John J. Ridgway could not furnish it; but the auditor stated as his conclusion that there was not sufficient evidence to support that position; and that, if such a state of facts existed, it would not authorize the plaintiff to make sales or purchases in violation of his agreement.

The auditor then stated that he found three results: "1. That the defendants made the note in suit and owe on the same $300 of principal, with interest and costs of protest," amounting in all to $322.33. 2. That there should be deducted from this amount, on the ground of partial failure of consideration, the sum of $184, leaving a balance of $138.33 due on the note. 3. That the evidence showed such a violation of the agreement, and such a withdrawal of the good will, as to effect an entire failure of consideration; and that he found for the defendants.

Trial in the Superior Court, before *Dewey*, J., who allowed a bill of exceptions in substance as follows:

No evidence was introduced to prove notice to the defendants of nonpayment of the note, except the auditor's report; and the judge ruled, against the objection of the defendants, that the auditor's report was sufficient to authorize the jury to find such notice or a waiver of notice, no evidence being introduced to contradict or affect said report.

It appeared that the New York Calcium Light Company rati- fied the transfer made by the plaintiff to John J. Ridgway, referred to in the auditor's report, and constituted Ridgway its agent in place of the plaintiff. It was not controverted by the plaintiff, that, after said agreement was executed, he did not purchase of Ridgway all the gas which he personally used; and that he purchased large quantities of gas of the New York Cal- cium Light Company, and sold gas to fifteen persons, includ- ing former customers. The plaintiff introduced evidence, against the defendants' objection, tending to show that Ridgway did not furnish gas to said persons at all times when he and they requested it, but that he either refused or was unable to furnish the same; and that, on that account, the plaintiff and the other persons purchased it elsewhere. This evidence was controverted by the defendants.

The defendants contended that the violation of said agree- ment operated as an entire failure of the consideration of said note; and requested the judge to instruct the jury as follows: "1. There was no notice to Charles L. Ridgway and Harriet A. Ridgway of the nonpayment of the note, and the jury must find a verdict for them. 2. If there was no evidence of notice to the parties whose names are on the back of the note of non- payment thereof, then the plaintiff cannot recover against them. 3. That evidence must come from the party who made the no- tice, or some one having a knowledge thereof, or some one who should testify to the handwriting of the person who gave the notice, if it was in writing. 4. If the jury believe, upon all the evidence, that the sole consideration for the note was the agree- ment of October 12; 1878, and that the plaintiff broke and violated that agreement, then that was a failure of the con- sideration, and the plaintiff cannot recover. 5. If the jury believe, upon all the evidence, that there was a failure by John J. Ridgway to deliver gas to other applicants than the plaintiff,

that would not be a breach of the agreement of October 12, 1878, by John J. Ridgway."

The judge refused to give the instructions asked for, but instructed the jury as follows: "If the consideration of the note has wholly failed, it is a defence in full to the note; if the con sideration has partially failed, to the extent of the failure thereof it is a defence to the note, and a deduction must be made therefrom. It being admitted by the plaintiff that he had, since the making of said agreement, himself purchased of the New York Calcium Light Company, and sold some gas to others that he had bought of said company, there was such a violation of his agreement as would render the plaintiff liable to the defendants for any damages sustained thereby, unless the plaintiff had good reasons in law for so doing. If John J. Ridgway refused to sell and deliver gas to the plaintiff and his customers, or was unable so to do for want of gas, then the plaintiff would have the right to buy gas for his own use of the New York company. If the plaintiff, in violation of his contract, sold gas to any other persons after his agreement with said Ridgway, then for the loss sustained by Ridgway by those acts of the plaintiff there should be a reduction from the note. But if John J. Ridgway had no gas and could not have supplied these persons, or if they had refused to buy of Ridgway, after being recommended by the plaintiff, then the jury are to judge what damage it was to him, what was his loss on account of the plaintiff selling gas to others. For that loss an allowance is to be made from the note; but the jury are not to allow the amount of profit Ridgway would have made if he had sold it, unless they are satisfied he could have made this profit but for the acts of the plaintiff. If the plaintiff's conduct, in violation of his agreement, has prevented Ridgway selling any gas Ridgway would otherwise have sold, the jury are to deduct the profit Ridgway has thus lost from the amount of the note."

The jury returned a verdict for the plaintiff for $249; and the defendants alleged exceptions.

*F. A. Perry*, for the defendants.

*N. B. Bryant*, for the plaintiff.

SOULE, J. The auditor's report was *prima facie* evidence of the truth of the facts found relating to the liability of the

defendants on the note in suit. Gen. Sts. *c.* 121, § 46. It found that the defendants signed the note on the back, and owed the plaintiff the amount of it with interest and the costs of protest. As the note was made after the St. of 1874, *c.* 404, took effect, they could not owe this unless their liability had been fixed by due notice of demand and nonpayment, or by a waiver of such notice. The report therefore contained evidence which would warrant a finding that the defendants had been notified or had waived notice, and the ruling to that effect by the judge who presided at the trial was correct. It follows that the three requests of the defendants for rulings on the matter of notice were properly refused.

The fourth ruling asked for by the defendants was rightfully refused. It appeared that John J. Ridgway had enjoyed some benefit from the agreement, in consideration of which the note in suit was given. He had been made agent for the New York Calcium Light Company, had sold some gas to the plaintiff in consequence, and had sold more or less gas to others. Even if the plaintiff had violated the agreement to the injury of said Ridgway, the consideration of the note had not therefore wholly failed, and Ridgway was entitled only to a reduction of the amount which he had agreed to pay, equal to the injury which he had sustained by the misconduct of the plaintiff. *Gordon* v. *Parmelee*, 15 Gray, 413. *Bassett* v. *Percival*, 5 Allen, 345.

The fifth ruling asked for was not given in the terms of the request. But the ruling given, as applied to the evidence in the case, embraced the subject matter of the request, and was all that the defendants were entitled to.

*Exceptions overruled.*