## Curtis H. Camp and Orissa M. Camp, Impleaded with William M. Camp, Executor, et al., v. Catharine Shaw, William Swaney, Ellen Swaney et al.

1. HUSBAND AND WIFE—*Strangers to Each Other as to Property.*— The wife, so far as property rights are concerned, is, in legal sense, a stranger to her husband. She is not bound or barred by his fraudulent acts, and there is no such privity between them as would make her responsible for any act of his. So if her husband, without her participation, makes a fraudulent alteration of a codicil, she will not, by reason thereof, be deprived of the estate therein devised to her.

**Contest of a Will.**—Appeal from the Circuit Court of Piatt County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1895. Affirmed in part, reversed in part, and remanded.

NORMAN H. CAMP, attorney for appellants.

I. A. BUCKINGHAM, S. R. REED and LODGE & HICKS, attorneys for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This case was here at a former term, when the decree was reversed because the jury improperly found against the codicil, and because of the rejection of certain evidence offered by the proponents. 52 Ill. App. 241. Another trial has resulted in a finding by the jury that the codicil was duly executed by the testator but that the word "ten" had been fraudulently changed to "twenty-five" by Curtis H. Camp, after the execution of the codicil so as to extend the term for which certain property was to be held by him and Orissa, his wife, for the period of fifteen years. The decree based upon this finding of the jury excludes Curtis H. Camp and his wife, Orissa, from all benefit under the codicil, thus depriving Orissa, the wife, of the enjoyment of the property for ten years, the term which it is assumed the testator intended she should have, although there is no proof or finding that she had anything whatever to do with the alleged fraudulent alteration. This we think is clearly erroneous.

The wife, so far as property is concerned is, in legal sense, a stranger to her husband.   She is not bound or barred by his fraudulent acts more than by those of any other person.

In this instance she derives nothing by or through the husband, but independent of him, and as to the provisions of the will there is no such legal privity between them as would make her responsible for any act of his.

It follows that if he, without her participation, made the fraudulent alteration charged after the codicil was executed, she would not thereby be deprived of the estate for the term fixed by the testator—ten years.

We have examined the evidence with care, to ascertain what foundation there is for the finding that there was a fraudulent alteration, and are compelled to say that we are not satisfied with the conclusion reached by the jury.   It is admitted that the word ten was changed to five, and the word twenty was interlined; that this was done by Curtis H. Camp, who wrote the codicil, and that the burden rests upon him to explain the alteration.

The testator read, or at least, glanced over, the codicil when he acknowledged it, which was a day or so after it was written.   A day or two after this acknowledgment he handed to the person named as executor a sealed envelope containing the will and codicil.   This package was not opened until after his death, when the codicil was found in the same condition as now.

The alteration, if made without the consent of the testator, must have been made after he acknowledged the codicil, though possibly it was made before, or possibly it was misread to him, and he failed to detect the fraud.

Possibly, Curtis Camp, having the opportunity, made the change after the acknowledgment, but, in view of the clearly established disposition of the testator to rely upon himself in the preparation of his will, and that the subject received a great deal of his attention generally, and in respect to minor details, as shown by the several changes and amendments made by himself, it is highly probable that before he finally settled the matter and inclosed the will in a sealed

envelope, he knew thoroughly what the document contained.

The expert evidence tends very strongly to show that the alteration was made at the time the body of the instrument was written, and the reasons given for the view suggested by the witness are, as we think, very satisfactory.

In addition, there is in proof the declaration of the deceased that he had provided for Curtis so that if he could not work he would not come to want, a statement hardly justified by the gift of so short a term as ten years to a person of his age. All this, taken together, constituted sufficient explanation of the change. Against it there is practically nothing in the record. It is suggested that the jury were permitted to see the original paper and that they thus had superior means of weighing the expert evidence.

This is to some extent true, and we would have been pleased to examine the paper had it been submitted to our inspection, as counsel, upon the oral argument, seemed to agree that it should be. It has not been, however, and we are left to determine the matter without that aid.

The decree will be reversed so far as it bars the appellants, Curtis H. Camp and Orissa M. Camp, of the provision in their favor under the codicil, otherwise it is affirmed. On another hearing the only issue will be as to this point

Affirmed in part, reversed in part and remanded.