ALBERT MEHLINGER *vs.* HIRAM P. HARRIMAN.

Suffolk.   January 16, 1904. — February 27, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Bills and Notes.*

If one receiving an accommodation note agrees not to sell it to A., and thereupon takes it to A. who lends money to B. with which B. purchases the note, and B. holds the note until he sells it to a *bona fide* purchaser, this does not show that the note was put into circulation fraudulently.

If one purchases an accommodation note for cash and sells it to a *bona fide* purchaser in exchange for the purchaser's own note, the purchaser may be found to be a holder of the note in due course within the meaning of R. L. c. 73, § 69, and entitled to recover its face value.

CONTRACT on a promissory note of the defendant for $500 dated October 9, 1902, payable three months after date to the defendant himself and indorsed in blank by him.   Writ dated January 31, 1903.

In the Superior Court the case was tried before *Schofield*, J., without a jury.   The judge found that the note in suit was made by the defendant on October 9, 1902, and delivered by him on that day to Simeon Marcus, without consideration, for the accommodation of Simeon Marcus and his father.   Another note of like amount and tenor, except that it was payable in two months, was made and delivered by the defendant to Marcus at the same time.   This note also was without consideration.   Both notes were delivered to Marcus by the defendant subject to an oral agreement made with Marcus at the time of delivery by which Marcus was not permitted to negotiate the

notes or either of them to Mr. Thomas Riley. After their delivery, and on the same day, Marcus endeavored to sell the two notes to Riley. Riley, as soon as the notes were offered to him, went with Marcus to Mr. Charles F. Smith, his nephew, an attorney at law having an office with him, and lent Smith $500. Smith thereupon purchased the two notes and paid for them with the $500 borrowed from Riley. Marcus delivered the notes to Smith upon receiving the money. This transaction was a purchase and sale of the notes, and not an advance upon the notes as security. Smith held the note in suit until a few days before its maturity, when he delivered it to the plaintiff and at the same time received in return the note of the plaintiff, which he now holds. This note was the only value which the plaintiff gave or agreed to give for the note. A week or ten days before the note in suit was made, the defendant notified Mr. Riley orally in his office that all his notes to Marcus were accommodation paper, and forbade Riley to purchase any of them. Smith was present and heard this notice given. The plaintiff at the time he received the note in suit from Smith had no notice of the fact that it was an accommodation note or of the oral agreement between the defendant and Marcus made when the note originally was given.

The defendant requested the judge to rule that upon the evidence the plaintiff could not recover, that he could recover only the amount paid for the note, and that the note was not taken in due course of business within the meaning of R. L. c. 73. The judge refused to make any of these rulings. He found that the plaintiff was a holder of the note in due course, entitled to enforce payment in full against the defendant, and found for the plaintiff in the sum of $507.50. The defendant alleged exceptions.

*W. B. Orcutt*, for the defendant.

*A. Mehlinger*, *pro se.*

HAMMOND, J. At the time the defendant delivered the note to Marcus there was an oral agreement between them by which Marcus was not permitted to negotiate it to Riley. Although apparently Marcus attempted to violate that agreement, still he did not succeed, for the judge finds that Smith purchased the note of Marcus and thereafter held it until he sold it to the

plaintiff.  It is not shown therefore that the note was fraud-
ulently put into circulation.  The judge further finds that
before its maturity the plaintiff became a *bona fide* purchaser,
giving as a consideration therefor his own note to Smith, who
still holds it.  These findings are warranted by the evidence.
The plaintiff upon the facts found by the judge took the note
in due course of business, R. L. c. 73, § 69, and, there being no
fraud, is entitled to recover its full value.

*Exceptions overruled.*