WESTBAY, Appellant, v. STONE, Respondent.

St. Louis Court of Appeals, May 2, 1905.

1. **BILLS AND NOTES: Principal and Surety: Release of Surety: Extension of Note.** The extension of the time for payment of a promissory note, at its maturity, by the payee, in consideration of the payment of interest in advance by the maker, without the consent of the surety, releases the surety.

2. ——: **Endorser: Notice of Dishonor.** The endorser of a promissory note is released from liability thereon where there was no demand for payment or notice given him of the dishonor of the note at maturity.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*A. V. Darroch* for appellant.

Upon the face of the note the defendants must be considered and treated as principals with respect to all persons without knowledge that they signed the note as sureties.   Hardester v. Tate, 85 Mo. App. 624.   The Visitation Convent v. Kleinhoffer, 76 Mo. App. 661; Thurley v. O'Connel, 48 Mo. 26; Maffit v. Greene, 149 Mo. 48, 50 S. W. 809.   Even if Stone had been security merely on this note, the payment or attempted payment of interest in advance by Roop et al., would not have the effect to release him.   Roop remembered none of the conversation had with the cashier.   He merely testified from his stubs that he paid the interest in advance. Merely paying interest in advance without a definite agreement as to extension of time is not sufficient. Bank v. Moorman, 38 Mo. App. 484; Bank v. Gardner, 57 Mo. App. 268.   Conceding all to respondent's position up to date, Roop did not pay the interest in advance.   He merely gave a check on the same bank in

which he had no money. In a few days he covered this and all other overdrafts with a note for $3,500, which he solemnly testifies has never been paid. 18 Am. & Eng. Enc. Law, 167; Selby v. McCullough, 26 Mo. App. 66; Bertiaux v. Dillon, 20 Mo. App. 603; Montgomery County v. Auchley, 103 Mo. 501, 15 S. W. 626; Mordis v. Kennedy, 23 Kan. 408; Kermeyer v. Newby, 14 Kan. 164.

*A. W. Lyon* and *Henry C. Young* for respondent.

The check given by Roop in payment of the interest for three months in advance, and the extension of the note without Stone's knowledge or consent operated to discharge the latter. Owen v. Bray, 80 Mo. App. 526. Under the rule that in case of an account current between a bank and its customer each deposit goes *pro tanto* to extinguish the oldest item of indebtedness, the check for interest was evidently paid, although Roop may have been indebted to the bank all the time thereafter. 1 Bates on Partnership, sec. 497 et seq.; Morgan v. Pachell, 28 Vt. 498; Lime Co. v. Bank, 158 Mo. 272; Bank v. Booze, 75 Mo. App. 180; Lumber Co. v. Christopher, 59 Mo. App. 80.

GOODE, J.—This was an action for a balance due on a promissory note. The note was dated December 20, 1894, and executed to the Bank of Monett. Originally the principal was $1500, drawing interest after maturity (ninety days from date) at the rate of eight per cent per annum. It was signed by four parties by the name of Roop, constituting the firm of E. W. Roop & Sons, and by the respondent, R. C. Stone. Several defenses are pleaded, but the only one we care to consider is that Stone was a surety on the note of E. W. Roop & Sons and the Bank of Monett extended the time of payment of the note after it had matured, in consideration of the principals, E. W. Roop & Sons, paying the

interest in advance. The appellant, Jas. P. West-bay, purchased the note at a sale by the general assignee of the original payee, the Bank of Monett.

The case was tried without a jury and no declarations of law were requested by either side. At the conclusion of the evidence the court rendered a verdict and judgment in favor of the respondent.

It is doubtful if the appellant has perfected his appeal so that he is entitled to have his cause reviewed by this court; but as we have looked into the testimony and think the judgment was fully warranted by the evidence, we prefer to decide the case on the merits of the appeal. Stone and a man named Prickett were the owners of a milling establishment in the town of Monett. Stone afterwards bought out Prickett's interest in the mill and operated it for awhile himself. He then sold the establishment to E. W. Roop & Sons for a consideration of between nineteen and twenty thousand dollars. At the time Stone made the sale there were two notes signed by him and Prickett in the Bank of Monett. It was agreed that Roop & Sons should assume all the liabilities of the milling business, which had been conducted under the name of the Monett Mill & Elevator Company, and should acquire all the assets. To consummate this arrangement the two notes in the bank given by Prickett and Stone were taken up and two notes, one for $2,200 and one for $1,500 executed by E. W. Roop & Sons as principals and the respondent Stone as either surety or indorser, were given in lieu of them. The note for $1,500 is the one involved in this suit. The testimony goes to show that this arrangement was made with the Bank of Monett by E. W. Roop and the respondent when the former and his sons purchased the mill, and that the bank accepted Stone either as surety or indorser on the notes. E. W. Roop testified to those facts and so did Stone. When the note in suit matured it was extended without Stone's consent, according to the testimony of E. W. Roop, by an arrangement between

said Roop and the cashier of the bank. Roop paid the interest for three months in advance and the extension was given. If Stone was a surety on the note, this act of the bank released him from liability. If he was an indorser, he was released because there was no demand made for payment or notice given of the dishonor of the note at maturity. The appellant contends there was no testimony going to prove that, in consideration of payment of the interest in advance, the note should be extended. We dissent from that proposition. The testimony of Roop strongly tended to prove that at the time the note became due he made an arrangement with the cashier of the bank that it should be extended and paid the interest for three months ahead. The decision of the court below is well supported by the evidence and it is affirmed. All concur.