JENNIE J. THORPE *vs.* ALONZO M. WHITE & others.

Suffolk.    March 27, 1905. — June 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Bills and Notes.   Negotiable Instruments Act.*

Under R. L. c. 73, § 141, a holder of a promissory note in due course, although it has been materially altered without the consent of the indorser, may enforce payment of the note according to its original tenor against such indorser, if the holder was not a party to the alteration.

BILL IN EQUITY, filed May 9, 1904, against Alonzo M. White, the maker, and Hannah C. Hand, an indorser before delivery, of a promissory note for $500 dated April 30, 1903, and payable, before alteration, on April 30, 1904, to enforce the payment of the note by the defendant Hand and to set aside certain conveyances of real estate alleged to be fraudulent, there being also two other defendants.

In the Superior Court the case was referred to a master, who found that the plaintiff was entitled to a decree against the defendant White for the amount of the note and interest, and ruled that the words written on the note by the payee after delivery, which are mentioned in the opinion, constituted a material alteration of the note which discharged the defendant Hand from liability.   The plaintiff excepted to the ruling of the master, and the judge of the Superior Court overruled the exception and made a final decree ordering that the master's report be confirmed.   The plaintiff appealed.

*H. C. Attwill,* ( *C. A. Parker* with him,) for the plaintiff.

*H. T. Richardson,* for the defendants.

BRALEY, J.    The defendant, Hannah C. Hand, irregularly became a party to the promissory note set forth in the bill of complaint, as before delivery she signed her name in blank on the back of an instrument of which the defendant White, was the maker, and the plaintiff the payee.   *Dubois* v. *Mason,* 127 Mass. 37, 38.    According to the law relating to negotiable promissory notes before the St. of 1898, c. 533, § 4, cl. 1, took effect, she would have been liable as a promisor between herself and

the plaintiff, though entitled to notice as if she were an indorser when the note was not paid at maturity by the maker. *Fay* v. *Smith*, 1 Allen, 477, 478. *Brooks* v. *Stackpole*, 168 Mass. 537. *Black* v. *Ridgway*, 131 Mass. 80, 84.

But after the negotiable instruments act became operative this distinction was abolished, and the effect of her signature was to make her an indorser as to all parties. R. L. c. 73, § 81.

After she had signed, and given the note to White, he wrote in the body of it, without her knowledge, or consent, the words " with the privilege of renewal for one year from April 30, 1904," and then delivered it to the plaintiff, who took it without knowing of this change. See *Draper* v. *Wood*, 112 Mass. 315.

If such an alteration had been made by the plaintiff after delivery, and it was found to have been material, the defendant would have been relieved from the performance of her promise. But if deemed immaterial she would have been held liable. *Lee* v. *Butler*, 167 Mass. 426, 430. *Gaylord* v. *Pelland*, 169 Mass. 356, 360. *Jeffrey* v. *Rosenfeld*, 179 Mass. 506. *James* v. *Tilton*, 183 Mass. 275. *Rowe* v. *Bowman*, 183 Mass. 488.

It, however, becomes unnecessary to decide whether this rule should be applied where the change was made under the conditions previously stated, for either way the defendant was not discharged.

The note was put in circulation as a contract on delivery to the payee, who, upon acquiring title by its negotiation, thus regularly became a holder within the provisions of R. L. c. 73, § 69. *Boston Steel & Iron Co.* v. *Steuer*, 183 Mass. 140, 144. *Mehlinger* v. *Harriman*, 185 Mass. 245. *Baldwin* v. *Dow*, 130 Mass. 416.

By reason of her being an owner, or holder, in due course without notice of the alteration, under the provisions of § 141 of this chapter she can enforce payment of the note according to its original tenor.

The decree of the Superior Court dismissing the bill as to all the defendants except White must be reversed, and the exception of the plaintiff to the master's report sustained.

*Decree accordingly.*