Far Rockaway Bank, Respondent, v. Franklin C. Norton, Appellant.

1. Promissory Note — When Evidence of Sufficient Funds to Pay Note Deposited by Maker with Payee, Immaterial. In an action by the payee against the indorser of an accommodation promissory note, evidence that the maker had, some time subsequent to the maturity of the note, sufficient funds in the hands of the plaintiff to pay it is properly excluded in the absence of any direction to or agreement with the plaintiff to use the funds for that purpose.

2. Liability of Indorser to Payee — Negotiable Instruments Law, § 114. The reception of evidence tending to establish the fact that the defendant had indorsed the note in suit with the purpose of giving the maker credit with the payee, even if erroneous, is immaterial, where the note was executed after the enactment of the Negotiable Instruments Law (L. 1897, ch. 612, § 114) which changed the rule that the indorser was presumed to be the second indorser and not liable to the payee and provided that " where a person not otherwise a party to the instrument places thereon his signature in blank before delivery, he is liable as indorser   *   *   *   if the instrument is payable to the order of a third person,   *   *   *   to the payee and all subsequent parties."

*Far Rockaway Bank* v. *Smith*, 110 App. Div. 917, affirmed.

(Submitted December 13, 1906; decided December 21, 1906.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 8, 1906, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James S. Darcy* for appellant. The referee committed reversible error in rejecting competent evidence, showing that the respondent had ample money of the maker of the note on deposit to pay the note in suit. (*Pitts* v. *Congdon*, 2 N. Y. 352 ; *Bacon* v. *Burnham*, 37 N. Y. 614 ; *Smith* v. *Weston*, 159 N. Y. 194 ; *N. E. Bank* v. *Silliman*, 65 N. Y. 475 ; *Spies* v. *N. C. Bank*, 174 N. Y. 222 ; *Jordan* v. *N. S. & L. Bank*, 74 N. Y. 473 ; *Shutts* v. *Fingar*, 100 N. Y. 546.) The referee committed reversible error in receiving incompe-

tent, and rejecting competent, testimony over appellant's objection. (*Newell* v. *Doty*, 33 N. Y. 83 ; *Merritt* v. *Briggs*, 57 N. Y. 651 ; *Kellar* v. *Richardson*, 5 Hun, 352 ; *Pope* v. *McGill*, 58 Hun, 294 ; *Betjemann* v. *Brooks*, 39 Hun, 649 ; *Drew* v. *Longwell*, 81 Hun, 144.)

*William Willett, Jr.*, for respondent. No reversible error was committed by the referee in the reception or rejection of evidence. (*Nat. Bank* v. *Smith*, 66 N. Y. 271 ; *Bank of Port Jefferson* v. *Darling*, 91 Hun, 236.)

CULLEN, Ch. J. The action is brought on a promissory note made by one Smith to the plaintiff, which the defendant indorsed prior to its delivery to the payee. But two questions are presented on this appeal.

*First.* It is alleged the referee committed error in excluding evidence offered by the defendant to show that Smith, the maker, had, some time subsequent to the maturity of the note, a sufficient deposit in the plaintiff bank to pay it, which the plaintiff failed to appropriate for that purpose. The case of *National Bank of Newburgh* v. *Smith* (66 N. Y. 271) is a conclusive authority to the effect that in the absence of any direction or agreement to that effect it was optional with the plaintiff whether it would apply the money or not upon the note in suit, and that it was under no positive legal obligation to do so. Therefore, there was no error committed in this respect.

*Second.* The note was given in renewal and to take up an earlier note also indorsed by the defendant. To establish the fact that the defendant had indorsed the note with the purpose of giving the maker credit with the payee, proof was given tending to show that default having been made in the payment of the earlier note notice of protest thereof was given to the defendant. It is urged that the evidence as to the protest of the earlier note was not of a proper character. It is unnecessary to consider this question, for since the enactment of the Negotiable Instruments Law (Laws 1897, ch. 612) the law obtaining in the case of such indorsements as that

made by the defendant has been radically changed.   Prior to that time the indorser was presumed to be a second indorser and not liable to the payee, though it was competent for the payee to prove *aliunde* that the intention of the indorser was to give the maker credit with the payee.   (*Bacon v. Burnham,* 37 N. Y. 614; *Coulter* v. *Richmond,* 59 N. Y. 478.)   Section 114 of the Negotiable Instruments Law prescribes a different rule.   It is enacted that "Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser in accordance with the following rules :

" 1. If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties."

This note was made in December, 1898, and, therefore, the proof offered by the plaintiff was not necessary to maintain its cause of action, and the error, if error there was, was immaterial.

The judgment appealed from should be affirmed, with costs.

GRAY, O'BRIEN, EDWARD T. BARTLETT, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.