(112 N. W. 60.)

---

A. B. FARQUHAR COMPANY, LIMITED, CO-PARTNERSHIP ASSOCIATION, v. W. H. HIGHAM.

Opinion Filed May 4, 1907.

**Bills and Notes — Liability of Indorser — Presentment and Notice.**

　　1.  An indorsement of a promissory note creates no liability of itself, and the indorser is not liable on the indorsement until presentment to the maker and notice to the indorser of such presentment.

**Same.**

　　2.  A person not a party to a promissory note, who indorses the same, assumes the obligations of an indorser only, and not those of a guarantor.

**Same — Findings.**

　　3.  Findings of fact and conclusions of law considered, and *held* not to sustain the judgment rendered thereon.

Appeal from District Court, Grand Forks County; *Fisk, J.*

Action by A. B. Farquhar Company, Limited, against W. H. Higham. From the judgment, both parties appeal.

Modified and affirmed.

*Skulason & Skulason,* for plaintiff.

Where defendant, pursuant to contract, endorsed and delivered notes, he became primarily liable at least as guarantor. Rev. Codes, 1899, sections 4625-2636; 7 Cyc. 967, Id. 664.

Under the terms of the contract, a waiver was established. Eaton & Gilbert, Com. Paper 521, 529, 4 Enc. of Law, 453, 457; Randal on Com. Paper, Chap. 38, section 2.

Promise to pay interest waives presentment and notice. Eaton & Gilbert Com. Paper, 471.

*W. J. Meyer,* for respondent.

An endorser is liable only on the contingency of demand and notice. Rev. Codes 1899, section 6364, ch 110; Rev. Codes 1899, section 66, chapter 100, sections 70, 71, 72; Rev. Codes 1899, sections 89 and 103, chapter 100; Rev. Codes 1899, sections 4861 and 4959; 14 Enc. Pl. & Pr. 548, 550, p. 55. Nelson v. Grondahl, 13 N. D. 363, 100 N. W. 1093; Jagger v. National German American Bank of St. Paul, 55 N. W. 545.

MORGAN. C. J. This is an appeal from a judgment by both parties. On plaintiff's appeal, the statement of the case was stricken from the files for reasons that are not material now. Defendant has appealed without settling a statement of case. The only question presented is, therefore, whether the findings of fact sustain the judgment. No question is made by the plaintiff that the findings do not sustain the judgment in its favor, and it is not claimed that a different judgment should have been rendered in its favor under the findings. The action was one involving an accounting, and the complaint stated three distinct causes of action. The action was tried to the court, and it was stipulated that separate findings of fact and conclusions of law should be made as to each cause of action, and one judgment entered embodying the amount found due either party in the aggregate under the findings on each of the three causes of action.

The contention of the defendant on his appeal is in reference to the second cause of action. This arose out of a written contract

for the sale of farm machinery. The cause of action, so far as the question involved is concerned, is stated as follows in the complaint: "That under the terms of the aforesaid agreement the defendant endorsed and guaranteed the payment of all promissory notes taken by him for machinery sold under said agreements and delivered the same to plaintiff." The complaint further alleges that the total amount of the notes thus indorsed and guaranteed was, with interest, $1,975.10. The finding on this cause of action is as follows: "That under the terms of the aforesaid contracts the defendant indorsed all promissory notes taken by him for machinery sold under said agreements, except the Montgomery note, and that it was obligatory upon him under the terms of said contracts to indorse all such notes and to deliver the same to the plaintiff. That among the promissory notes so taken and indorsed by the defendant there are the following bearing interest at the rate of 8 per cent. from maturity. * * * That the amount due on said notes at the date of these findings is the sum of $1,753.75." And as a conclusion of law the court found "that the plaintiff is entitled to judgment against the defendant in the sum of $1,753.75, the amount due on notes indorsed by the defendant, as above set forth." The trial court found that the defendant was indebted to the plaintiff in the sum of $254.10. This sum represented the aggregate of the amounts which the findings showed each party entitled to be credited with, and this balance was reached after charging the defendant with the sum of $1,753.75 on account of notes found to have been endorsed by the defendant pursuant to the contract. It is claimed that the judgment is not sustained by the findings. This contention is based on the fact that the findings do not show that the notes found to have been indorsed were presented for payment and defendant notified of their non-payment, and do not show that there was a waiver of such presentment for payment and notice.

We think that this contention is well founded. The mere endorsement of these promissory notes created no liability against the defendant. The contract of indorsement has a well-established legal signification. It signifies that the indorser contracts to pay the note at maturity, if duly presented for payment to the maker, and the indorser is thereafter duly notified of such presentment. Daniel, Neg. Instruments, section 666; section 6368, Rev. Codes 1905. In this case the indorsement was not made by the defendant as pay-ee, but as a stranger to the notes as originally drawn. His lia-

bility under the indorsement is the same as though 'he had been payee and had negotiated the notes by indorsement thereof. Section 6366, Rev. Codes 1905, provides as follows: "When a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery he is liable as indorser in accordance with the following rules: (1) If the instrument is payable to the order of a third person he is liable to the payee and to all subsequent parties." The statute, therefore, fixes the defendant's liability as that of indorser, and there is no foundation for plaintiff's contention that defendant's liability was that of a guarantor, entitling him to no notice of presentment and nonpayment. The findings show that the notes indorsed by defendant were promissory notes. The code defines what a promissory note is, and it is therein declared to be negotiable. Section 6544, Rev. Codes 1905, is as follows: "A promissory note is an instrument negotiable in form whereby the signer promises to pay a specified sum of money." It is therefore shown by the findings that the notes indorsed were negotiable promissory notes. The findings show that plaintiff was credited with the sum total of the notes indorsed by defendant, and defendant was charged with such amounts. The findings do not show that any steps were taken to fasten upon defendant a liability as an indorser. The findings do not, therefore, sustain the judgment that was rendered.

The judgment will be modified by disallowing the credit of $1,753.75 found due to plaintiff on account of the indorsement of the notes by defendant. The amount allowed plaintiff of $269.46, upon the liability on the indorsement of the Hans Anderson note, will also be disallowed. The judgment will also be modified by allowing the plaintiff to retain the possession and ownership of all the notes indorsed by the defendant, including the Hans Anderson note, and to have the possession of all securities for said notes. We are asked to modify the judgment by allowing the defendant certain amounts on account of storing certain machinery described in finding No. 8 of the first cause of action. The sums due under said finding seem to have been included and computed by the trial judge in the general balance found due the defendant on the first cause of action. The findings of fact and conclusions of law give the plaintiff the absolute right to the possession of the machinery in defendant's possession. This, we think, precludes us from ordering judgment that defendant retain possession of such property

until storage charges are paid. We cannot say that the judgment entered does not conform to the findings in that respect.

The district court is directed to modify the judgment in the respects indicated in this opinion, and thus modified, the judgment of the district court is affirmed, with the costs in favor of the defendant and appellant.

All concur.

FISK, J., disqualified. TEMPLETON, J., of the first district sitting by request.