## RELATION TO PROMISSORY NOTE OF ENDORSER ON BACK.

### Circuit Court of Cuyahoga County.

### PETER F. McGUIRE v. THE KENNEDY COMPANY.

#### Decided, May 27, 1907.

*Negotiable Instruments Act—Liability of Irregular Indorser.*

Under Sections 3173*h*, 3173*i* and 3173*k*, Revised Statutes, of the uniform negotiable instruments law, the liability of an irregular indorser is the same as that of a regular indorser, and he can not be held without demand having been made upon the maker and notice of dishonor given.

*J. F. Herrick* and *Frank Higley,* for plaintiff in error.
*Smith, Taft & Arter,* contra.

MARVIN, J.; HENRY, J., concurs.

But one question is necessary to be considered in this case and that is, the relation to a promissory note of one who is not the payee, who endorses the note upon the back while it is in the hands of the maker, the note being thereafter delivered to the payee.

Without question, before the recent legislation upon the subject, such endorser would be liable as a maker of the note.

In 1902, however, the Legislature of this state enacted a statute in reference to negotiable paper, consisting of several sections, one of which, 3173*h*, reads:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

Section 3173*i* reads:

"Where a person not otherwise a party to an instrument places thereon his signature in blank before delivery, he is liable as indorser in accordance with the following rules:

"1. If the instrument is payable to the order of a third party, he is liable to the payee and to all subsequent parties.

"2. If the instrument is payable to the order of the maker or drawer, or is payable to bearer, he is liable to all parties subsequent to the maker or drawer.

"3. If he signs for the accommodation of the payee, he is liable to all parties subsequent to the payee."

Section 3173*k* provides:

"Every endorser who indorses without qualification * * * engages that on due presentment, it shall be accepted or paid or both as the case may be, according to its tenor, and that if it be dishonored and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it."

This legislation has been enacted in a considerable number of states, and the manifest purpose of it is that the rule governing commercial paper shall be uniform in the several states in which this legislation is enacted.

The Circuit Court of Clark County, in this state, in a case reported in the Ohio Law Bulletin, December 24, 1906, has held that this statute made no change in the law as to the relation sustained by the irregular endorser to commercial paper. The court of common pleas in the present case held in accordance with this holding of the Circuit Court of Clark County. In this we think there was error.

One of the states which has adopted the legislation such as ours, is Massachusetts, as will be found in Volume 1 of the Revised Statutes of Massachusetts, published in 1902, at page 637. Sections 80 and 81 of the Massachusetts Statutes are in the exact words of our Sections 3173*h* and 3173 *i*, and their Section 83 is in the exact words of our Section 3117*k*.

Under this Massachusetts legislation it is held in the case of *Thorpe* v. *White et al*, 74 Northeastern, 592:

"But after the negotiable instruments act became operative this distinction was abolished, and the effect of her signature was to make her an indorser as to all parties."

The word "she," as used in the opinion, refers to one who endorses a note, not being otherwise a party to it before delivery.

The state of New York has adopted the same legislation, and

in the case of *Moran* v. *Lange*, 25 App. Div., 11, the court say that the new legislation has changed the rule of such an endorser to the instrument.

It seems to us clear that the intention of the Legislature was to so change the relation of an irregular endorser as that he should be treated exactly as any other endorser, and that such being the case no recovery could be had against him except upon demand being first made of the maker and notice of dishonor served upon the endorser.

Entertaining these views the judgment of the court of common pleas is reversed, and the case remanded.