# Sarah H. Van Kleeck, Appellee, v. Harry Channon, Appellant.

## Gen. No. 17,706.

1. BILLS AND NOTES—*presumption of guaranty.* A person writing his name across the back of a note prior to its delivery is presumed to have assumed the liability of guarantor, but the presumption may be rebutted.

2. BILLS AND NOTES—*rebuttal of presumption of guaranty.* Where a person indorses a note prior to its delivery, proof must be clear and satisfactory as to a different intention to rebut the presumption that he is a guarantor.

3. BILLS AND NOTES—*prima facie case.* Where a wife loans money to a corporation at the request of her husband and receives the company's note with a personal indorsement, in an action against the indorser as a guarantor, the introduction of the note in evidence makes a *prima facie* case.

4. BILLS AND NOTES—*liability of guarantor.* Where the secretary, manager and financial agent of a corporation requests his wife to make a loan to the company, obtains her check payable to it, passes the check to the company's credit, executes with authority the company's note to the wife therefor, secures a personal indorsement and delivers the note to his wife, the indorser cannot relieve himself of liability as a guarantor by proof of a conversation with the husband at the time of making the indorsement, and the wife has a right to rely upon the presumption that the indorser is a guarantor.

5. HUSBAND AND WIFE—*agency of husband and wife.* The mere fact of the relation of husband and wife does not make the husband the agent of his wife in a transaction, where the circumstances tend to support a contrary conclusion.

6. BILLS AND NOTES—*payment need not be demanded of guarantor.* Where an indorser of a promissory note is liable as a guarantor, it is not necessary to demand payment at maturity before instituting suit against him.

7. BILLS AND NOTES—*new consideration not necessary to support guaranty.* Where a person indorses a note prior to its delivery, a new consideration is not necessary to support such indorsement as a contract of guaranty.

Appeal from the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed December 17, 1912. *Certiorari* denied by Supreme Court (making opinion final).

BYRON W. WIGHT, for appellant.

HOYNE, O'CONNOR & IRWIN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

The main question in this case is whether appellant could be held as guarantor on certain promissory notes of which a corporate company was maker and appellee payee, and across the back of which appellant had written his name prior to their delivery to appellee. Under such circumstances the presumption of law would be that he assumed the liability of guarantor, but such presumption may be rebutted. De Clerque v. Campbell, 231 Ill. 442, and cases cited.

Appellant sought to overcome it by proof of what was said in a conversation between appellant and appellee's husband at the time of making such endorsement. Had there been proof that the latter was her agent in the transaction, unquestionably such testimony would have been admissible; but there was no competent proof of such an agency, and the testimony was, therefore, properly excluded.

The record discloses that appellee's husband was the secretary, manager and financial agent of said company; that it needed money; that he suggested to and requested of his wife that she make a loan to it; that he obtained her checks payable to its order, passed them to the company's credit, executed with unquestionable authority the company's notes therefor, secured appellant's personal endorsement thereon, and then delivered the notes so endorsed to his wife. There was no specific proof that in these transactions he acted as her agent. That he was such could not be inferred from the mere fact that he was her husband (Camp v. Shaw, 61 Ill. App. 66; Wallace v. Monroe, 22 Ill. App. 602), especially when his relations to the company and appellant as one of its officers supported a stronger inference that he was acting as the company's agent.

The contractual relation between appellant and appellee, as determined from these circumstances, did not render such conversation a part of the *res gestae* as claimed by the appellant, it being with one not shown to be her authorized representative, and, therefore, not part of a transaction with her. It not being binding upon her, she had the right when the notes were delivered to rely upon the presumption that appellant's contract was one of guaranty. To rebut such legal presumption, the proof must be clear and satisfactory as to a different intention. Stowell v. Raymond, 83 Ill. 120. A declaration not made to her or her agent, and not authorized by her, could not establish it. The testimony adduced did not tend to show that her husband was acting as her agent, but tended to support a contrary conclusion. The introduction of the notes made a *prima facie* case in appellee's favor, and it not having been overcome the court properly directed a verdict in her favor. Clarke v. Newton, 235 Ill. 530.

We need not consider the other questions urged further than to say that inasmuch as a guarantor's liability is the same as that of an original maker, it was not necessary to demand payment of appellant before instituting the suit. Hunt v. Divine, 37 Ill. 137; Allen v. Rightmere, 20 Johns. R. 364. If the debt is not paid at maturity he may be sued at once. Dillman v. Nadelhoffer, 160 Ill. 121. Nor is a new consideration necessary to support such a contract of guaranty. Carroll v. Weld, 13 Ill. 683; Dillman v. Nadelhoffer, *supra*.

The judgment is affirmed.

*Affirmed.*