MRS. A. W. CANADA, Plaintiff in Error, v. H. C. SHUTTEE, Defendant in Error.

Springfield Court of Appeals, December 5, 1921.

1. **BILLS AND NOTES: Indorser not Liable in Absence of Presentment, Demand, or Notice.** Indorser on a promissory note is not liable where no presentment, demand, or notice was given.

2. ————: **Provision for Attorney's Fee Does not Make Non-negotiable.** Provision for attorney's fee in note has no effect on "sum certain" and does not affect its negotiability under Revised Statutes 1919, sections 788, 789.

3. ————: **Person Signing on Back of Note Before Delivery an Indorser.** The Negotiable Instrument Law, and not the law merchant, applies as between the parties to a promissory note, including one who signed before delivery, on the back thereof without indicating his status, and such signer is only liable as an indorser under Revised Statutes 1919, sections 849, 850, and is entitled to notice of dishonor under sections 875, 901.

Appeal from Howell County Circuit Court.—*Hon. E. P. Dorris,* Judge.

AFFIRMED.

614

*Green & Green, Don C. Carter, James M. Johnson* and *Donald W. Johnson* for plaintiff in error.

(1) Where the execution of the note stands admitted by an unverified answer, plaintiff by introducing the note makes out a prima-facie case. Shawhan v. Shawhan Dist. Co., 197 S. W. 369; General Electric Company v. Interstate Elec. Co., 204 S. W. 933; Holmes v. Farris, 97 Mo. 305; Davidson v. Spitkofsky, 182 S. W. 106. (2) Since the note was not negotiable and this action is between the immediate parties whose names appeared upon the instrument at the time of delivery to the payee, the provisions of the Negotiable Instruments Act of 1905 do not apply, and the note is governed solely by the Law Merchant. Atkinson v. Kelly, 214 S. W. 280; Long v. Shafer, 185 Mo. App. 641; Long v. Mason, 273 Mo. 266; Bank v. Edwards, 243 Mo. 563; Robertson v. Kochtitsky, 217 S. W. 546. (3) The inclusion of a provision for the payment of attorney's fees rendered the note non-negotiable under the Law Merchant. Buck v. Harris, 125 Mo. App. 365; Davis v. McColl, 179 Mo. App. 198; Creasy v. Gray, 88 Mo. App. 454. (4) The indorser of a non-negotiable paper is not entitled to demand, protest or notice, and though he terms himself an indorser he is not the indorser known to the commercial law. Prima facie such an indorser is the maker and the payee is entitled to recover against him without proof of demand on the maker and notice of non-payment. Herrick v. Edwards, 106 Mo. App. 633; Baker v. Block, 30 Mo. 225; Pococke v. Blount, 6 Mo. 338; Buchner v. Liebig, 38 Mo. 188. (5) Plaintiff is entitled to the recovery of ten per cent attorney's fees. Bank v. Sutton, 204 S. W. 572; First National Bank v. Stam, 186 Mo. App. 439.

*W. N. Evans* and *M. E. Morrow* for defendant in error.

(1) The note sued on herein was a negotiable promissory note, and the provision therein for payment

of attorney's fee did not destroy its negotiability, since adoption of Law of 1905. Sections 788 and 789, R. S. 1919; Bank v. Lee et al., 182 Mo. App. 191; Davis v. McColl, 179 Mo. App. 198. (2) One who places his signature on an instrument otherwise than as maker, drawer or exceptor, is an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity; and as such indorser, entitled to notice of nonpayment. Sections 849 and 850, R. S. 1919; Eaves v. Keeton, 193 S. W. 629; Banks v. Hanlon, 183 Mo. App. 243; Walker v. Dunham, 135 Mo. App. 396; Auto Co. v. Winters, 210 S. W. 1; Stephens v. Bowles, 206 S. W. 589. (3) An indorser to whom no notice of the dishonor by non-payment has been given, is discharged. Section 875, R. S. 1919; Walker v. Durham, 135 Mo. App. 396; Auto Co. v. Winters, 210 S. W. 1; Stephens v. Bowles, 206 S. W. 589; Westbay v. Stone, 112 Mo. App. 411; Geller Hardware Co. v. Drozda, 217 S. W. 557. (4) And in action against an indorser, it is not sufficient to allege that the indorser has been "duly notified" of the dishonor of the note, but the plaintiff must allege and prove the demand and notice to be on such a day as will charge the indorser. Hoyland v. National Bank, 126 S. W. 356; Nevins v. Moore, 221 Mo. 353. (5) An indorser in entitled to notice of dishonor, even tho he is an officer of the bank holding the instrument unless it is his duty as such officer to give the notice on behalf of the bank. Bank v. Bickel, 156 S. W. 856; Frazee v. Bank, 170 S. W. 532. (6) A demand over a telephone and statement that note would be protested if not paid is not a sufficient presentment to charge the indorser. Gilpin v. Savage, 94 N. E. 656. (7) By force of sections 63 and 64 (now sections 849 and 850, R. S. 1919), the law merchant has been changed in those States which have adopted the Negotiable Instrument Law, in respect to a person signing in blank before delivery, for the accommodation of the maker, who was formerly held to be a joint maker or guarantor. Now he is an indorser

and chargeable only after presentment and notice of dishonor. 8 C. J. 284, sec. 445; Deahy v. Choquet, 67 Atl. 421; Peck v. Eaton, 51 Atl. 134; Baumeister v. Kuntz, 42 So. 886; Thorpe v. White, 74 N. E. 592; Bank v. Norton, 79 N. E. 709; Rockfield v. Bank, 83 N. E. 392; Bank v. Piedmont, 91 S. E. 866; Walker v. Dunham, 135 Mo. App. 396.

BRADLEY, J.—This is an action on a promissory note. The cause was tried before the court without a jury. The finding and judgment went for defendant and plaintiff brings the cause to this court by writ of error.

The note is for $2500 due in six months after date and provides for an attorney's fee in case of legal proceedings to collect. Payment has been made thereon and balance due for which judgment is prayed is $1400 with interest. The note was signed on the face and where a maker usually signs by Henry C. Shuttee, who is the son-in-law of plaintiff and a son of defendant. Defendant signed the note on the back before delivery to the plaintiff who is the payee therein. Henry C. Shuttee, the maker, made the payment on the note. There was no presentment, demand or notice given, and defendant says that his liability is that of an indorser only. If defendant's liability is that of an indorser then plaintiff cannot recover. Plaintiff contends that since defendant signed the note on the back thereof before delivery that he is not an indorser, but is a maker and primarily liable, and not entitled to presentment, notice and protest; that his liability is fixed by the Law Merchant and not by out Negotiable Instrument Law. Plaintiff makes the further contention that since the note provided for an attorney's fee for collection that this made the note non-negotiable and took it out of the provisions of our Negotiable Instrument Law.

Our Negotiable Instrument Law, section 788, Revised Statutes 1919, provides that an instrument to be

negotiable must conform to the following requirements: (1) It must be in writing and signed by the maker or drawer; (2) must contain an unconditional promise or order to pay a sum certain in money; (3) must be payable on demand or at a fixed or determinable future time; (4) must be payable to order or to bearer; and, (5) where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty. Section 789 provides that the sum payable is a sum certain within the meaning of the Negotiable Instrument Law although it is to be payed: (1) with interest; or (2) by stated installments; or (3) by stated installments, with a provision that upon default in payment of any installment or of interest, the whole shall become due; or (4) with exchange, whether at a fixed rate or at a current rate; or (5) with costs of collection or an attorney's fee, in case payment shall not be made at maturity.

There is no contention that the note in the case at bar is non-negotiable only on the ground of the provisions for the attorney's fee. It is plain from the provisions of the two above-mentioned sections that the attorney's fee provisions has no effect on the sum certain, hence such provision does not affect the negotiability of the note. [See Davis v. McColl et al., 179 Mo. App. 198, 166 S. W. 1113; Bank v. Lee et al., 182 Mo. App. 185, 168 S. W. 796.]

Does the fact that the defendant signed the note on the back *before* delivery make him primarily liable? There were no qualifying words after defendant's signature. He merely signed his name on the back of the note. Plaintiff's contention is that as between the parties to a promissory note, before the note passes from the payee, the Negotiable Instrument Law has no application; that it requires *negotiation* to bring into operation the provisions of the Negotiable Instrument Law, and that until the note is negotiated it is governed by the Law Merchant. To support this contention plaintiff relies on Long v. Shafer, 185 Mo. App. 641, 171 S. W. 690; same case under

the style of Long v. Mason, 273 Mo. 266, 200 S. W. 1062. The question there decided was the right of the defendants who signed on the face of the note as sureties for the principal debtor to show by parol that the payee had released security held by him from the principal debtor. It was held that the holder in that case was not a holder in due course as defined by our Negotiable Instrument Law (Sec. 838, R. S. 1919) and that such evidence was competent. It was held in that case by this court that what are now sections 817, 838, 843 and 844, Revised Statutes 1919, make a distinction between a holder and a holder in due course; that under the section 817 the mere handling over of the note by the maker to the payee is not *negotiating* the note. This holding was upheld by the Supreme Court ni Long v. Mason, supra.

But we are of the opinion that the status of the defendant in the case at bar is governed by our Negotiable Instrument Law and not by the Law Merchant. By section 849 Revised Statutes 1919, it is provided that a person placing his signature upon an instrument *otherwise* than as maker, drawer or acceptor, is deemed to be an *indorser* unless he clearly indicated by appropriate words his intention to be bound in some other capacity. In the case at bar defendant placed his name on the *back* of the note without indicating his status, and therefore otherwise than as maker, drawer or acceptor, and by said section is made an indorser as we construe the law. By section 850 it is provided that where a person not otherwise a party to the instrument places thereon his signature in blank before delivery he is liable as an *indorser* in accordance with the following rules: (1) If the instrument is payable to the order of a third, he is liable to the payee and to all subsequent parties, (2) if the instrument is payable to the other of the maker or drawer, or is payable to bearer, he is liable to all parties subsequent to the maker or drawer, (3) if he signs for the accommodation of the payee he is liable to all parties subsequent to the payee. Defendant placed his name on the note sued on otherwise than as maker, and before de-

livery to the payee and was liable as we construe section 850 as indorser. Division one of this section says, if the instrument is payable to the order of a third, he (the one who signs otherwise than as maker before delivery) is liable to the *payee* and all subsequent parties. How liable? By the first part of the section he is liable as an indorser.

This is the construction placed upon our Negotiable Instrument Law in Walker v. Dunham, 135 Mo. App. 396, 115 S. W. 1086; Stephens v. Bowles, 202 Mo. App. 599, 206 S. W. 598. [See, also, Bank v. Hanlon, 183 Mo. App. 243, 166 S. W. 830; Eaves v. Keeton, 196 Mo. App. 424, 193 S. W. 629.]

In Brannan's Negotiable Instrument Law (3 Ed.), p. 238, it is stated that the law has been changed in States which have adopted the Negotiable Instrument Law, and that where a person signs a note otherwise than as maker in blank before delivery for the accommodation of the maker that such person is now chargeable only as an indorser. In support of this statement of the law the text cites Deahy v. Choquet, 28 R. I. 338, 67 Atl. 421, 14 L. R. A. (N. S.) 847; Peck v. Easton, 74 Conn. 456, 51 Atl. 134; Baumeister v. Kuntz, 53 Fla. 340, 42 So. 886; Thorpe v. White, 188 Mass. 333, 74 N. E. 592; Toole v. Crafts, 193 Mass. 110, 78 N. E. 775, 118 Am. St. Rep. 455; Wilson v. Hendee, 74 N. J. Law 640, 66 Atl. 413; Gibbs v. Guaraglia, 75 N. J. Law 168, 67 Atl. 81; Far Rockaway Bank v. Norton, 186 N. Y. 484, 79 N. E. 709; Kohn v. Consolidated Co., 30 Misc. Rep. 725, 63 N. Y. Supp. 265; Perry Co. v. Taylor Bros., 148 N. C. 362, 62 S. E. 423; Farquhar Co. v. Higham, 16 N. D. 106, 112 N. W. 557; Rockfield v. First Nat. Bank, 77 Ohio St. 311, 83 N. E. 382, 14 L. R. A. (N. S.) 842. A number of other cases are cited in the text quoted to the same effect, and there are none to the contrary so far as our investigation discloses except in Illinois and Arkansas. In Van Kleek v. Channon, 175 Ill. App. 626, it was held that one who writes his name on the back of a note prior to delivery is presumed to be a guarantor. No reference was made in that opinion to

the Negotiable Instrument Law though the opinion was handed down some years after the adoption of the Law in Illinois. The only case cited, however, in support of the conclusion was an Illinois case in which the note was made some fifteen years before the adoption of the Negotiable Instrument Law in Illinois. In Tancred v. First Nat. Bank, 124 Ark. 154, 187 S. W. 180, it was held that one indorsing a note before delivery becomes as far as the face of the note is concerned a joint maker, but that it might be shown by parol that he signed as surety. Brannan's Negotiable Instrument Law, p. 239, points out that the note in the Arkansas case appears to have been made May 12, 1913, and that the Negotiable Instrument Law was approved in Arkansas February 21, 1913, to take effect in sixty days. This text speaking of that case says: "It seems that this note was governed by the Negotiable Instrument Law and that under section 64 the defendant was an indorser and not a joint maker. The Negotiable Instrument Law was not cited and apparently counsel and court were unaware of its adoption."

The overwhelming weight of authority is undoubtedly to the effect that if one signs a note under the circumstances in the case at bar he is an *indorser* under the Negotiable Instrument Law.

To summarize, we hold that the defendant is relieved in this case because section 849, Revised Statutes of 1919, under our Negotiable Instrument Law, makes the relation of a party placing his signature to an instrument otherwise than as maker, drawer or acceptor that of an indorser. The following section, 850, makes such party liable to the payee of a note as an indorser. Section 875 requires that indorsers under this chapter have notice of dishonor, and such indorser in this case does not fall within the exceptions provided in section 901 Revised Statutes 1919.

As we construe these sections, the payee, of a note can only hold one who has placed his signature upon the note otherwise than as maker, drawer or acceptor to the liability of an indorser, unless such person indicates his

status otherwise, and in order that he may be held liable by such payee as indorser, the statutory notice of dishonor must have been given him.

The judgment below should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.