ELLA J. NEWKIRK, ADMINISTRATRIX OF THE ESTATE OF F. M. NEWKIRK, DECEASED, RESPONDENT, v. J. E. HAYS, ROSE HAYS, C. H. HAYS, DEFENDANTS, ROSE HAYS AND C. H. HAYS, APPELLANTS.

Kansas City Court of Appeals. July 13, 1925.

1.—Bills and Notes—Principal and Surety—Payee's Extension of Time of Payment of Note Without Knowledge or Assent of Sureties, Held to Release Sureties. Defendants who signed promissory note as sureties only, held released from liability thereon by payee's extension of time of payment, for valuable consideration, without knowledge or assent of sureties.

2.—Evidence—Parol Evidence Admissible to Show Signers of Note Were Sureties Only. In suit on promissory note signed by three parties, parol evidence is admissible to show that part of signers were sureties only.

3.—Pleading—Answer Held to Allege Extensions of Time Were for Definite Periods of Time Sufficient to Release Sureties on Note. Where answer alleged release of sureties on note, payable one year after date, by extension of time and pleaded that extensions were made at end of first year and at end of every year thereafter for a great many years, held sufficient allegation that extensions were for definite periods of time.

---

*Corpus Juris-Cyc References: Bills and Notes, 8CJ, p. 447, n. 46; p. 930, n. 56. Evidence, 22CJ, p. 1229, n. 79; p. 1232, n. 14. Principal and Surety, 32Cyc, p. 131. n. 44; p. 191, n. 91.

Appeal from Circuit Court of Morgan County.—Hon. Henry L. Westhues, Judge.

REVERSED AND REMANDED.

*Embry & Embry* for appellants.

*J. B. Gallagher* and *S. D. Newkirk* for respondent.

BLAND, J.—This is an action brought by F. M. Newkirk on a promissory note executed by the defendants. The case was tried before the court without the aid of a jury, resulting in a judgment in favor of plaintiff in the sum of $859.40, with interest at the rate of seven per cent until paid. Plaintiff has died since the appeal and the cause has been revived in the name of Ella J. Newkirk, Administratrix of his estate. The note sued on reads as follows:

"April 15, 1914.

"Twelve months after date, we promise to pay to the order of F. M./ Newkirk Seven Hundred and Fifty Dollars.

"For value received, negotiable and payable without defalcation or discount and with interest from date at the rate of seven per cent per annum, and if interest be not paid annually, to become as principal, and bear the same rate of interest."

"(Signed)  J. E. HAYS,
"(Signed)  ROSE A. HAYS,
"(Signed)  C. H. HAYS."

There appears on the back of the note several credits. There is nothing in the record to show whether the defendant, J. E. Hays, was served with process; he filed no answer. Defendants, Rose Hays and C. H. Hays filed answers containing a general denial and averring that defendant, J. E. Hays, was a party who was to receive and did receive the money lent by plaintiff on said note and that defendants, Rose Hays and C. H. Hays, signed said note as sureties only for said J. E. Hays; that they were not to receive and did not receive any of the money lent by plaintiff on said note; that plaintiff well knew these facts at the time of the taking of said note; "that for a valuable consideration the plaintiff agreed with said debtor, J. E. Hays, to forbear the collection of said note from him and agreed to extend the time of payment of said note signed by these defendants as sureties, from year to year, for a great many years" without the knowledge or consent of said Rose and C. H. Hays; that said J. E. Hays at the time of giving said note and for a number of years thereafter was solvent and a resident of the State of Missouri, but at the time of the filing of this suit he had become insolvent and a non-resident of this State.

Plaintiff filed a motion to strike out all of the answers except the general denial and the prayer, which motion was sustained. Said defendants saved their exceptions. Plaintiff introduced the note and rested, whereupon said defendants sought to introduce evidence tending to sustain the allegations of their answers that were stricken out, but this evidence was excluded by the court.

It is insisted that the court erred in sustaining the motion to strike out parts of the answers and in excluding testimony offered by the defendant, for the reason that defendants, Rose and C. H. Hays, were sureties only on the note sued upon and. as plaintiff extended the time for the payment of the note based on a valuable consideration without the knowledge or assent of the sureties, they were discharged from liability on the note.

It has been held that since the enactment of the negotiable instrument law there are sureties who are primarily liable and those who are secondarily liable; that those who by the terms of the instrument are absolutely required to pay the same are primarily liable thereon and are not discharged from the obligation to pay the note in the hands of the payee by the granting of an extension of time to the principal debtor (Lane v. Hyder, 163 Mo. App. 688; Citizens Bank of Senath v. Douglass, 178 Mo. App. 664, 689; Night and Day Bank v. Rosenbaum, 191 Mo. App. 559, 570; Citizens National Bank v. Rombauer, 194 Mo. App. 690, 693), but this is no longer the law. [Long v. Mason, 273 Mo. 266, 278.]

In paragraph two of the opinion of Commissioner RAILEY in the case last cited, the holding in the Lane-Hyder case was apparently upheld but that part of the opinion was not concurred in by the majority of the court. The majority opinion was written by Judge WILLIAMS, l. c. 278, who said, "The payee, should not be considered as 'a holder in due course' . . . since, . . . the payee, is a holder other than in due course, the note is 'subject to the same defense as if it were non-negotiable,' . . . the rights of the parties under the present situation are in no manner changed by the provisions of the Negotiable Instrument Act." Prior to that act an extension of time, such as those involved in the case at bar, released the sureties (Westbay v. Stone, 112 Mo. App. 411; Johnson v. Bank, 173 Mo. 171), and in view of the holding in Long v. Mason, it does now, and parol evidence is admissible. to show the relationship. [People's Bank of Chamois v. Smith, 263 S. W. 475; Springfield Gas and Electric Co. v. Building Co., 264 S. W. 429; Canada v. Shuttee, 210 Mo. App. 614, 618, 619; Merchants Bank v. Smith, 15 A. R. L. 430, 435; Mechanics' Bank v. Wright, 53 Mo. 153.] There is nothing in plaintiff's contention that the answers failed to allege that the extensions were not for definite periods of time. The note was payable one year after date and the answers allege, in effect,

that the extensions were made at the end of the first year and at the end of every year thereafter for a great many years.

The court erred in striking out parts of the answer. The judgment is reversed and the cause remanded. *Arnold J.*, concurs; *Trimble, P. J.*, absent.